IN THE MATTER OF THE ESTATE OF WILLIAM H. ORR, DECEASED.

SALE OF HOMESTEAD BY PROBATE COURT.—The Probate Court cannot make an order for the sale of the homestead to pay debts of the deceased, even if the debts are secured by a valid mortgage on the same.

HOMESTEAD NOT A PART OF ASSETS OF ESTATE.—It is the duty of the Probate Court to set apart the homestead for the use of the family of the deceased, and when set apart it ceases to be a part of the assets of the estate.

ENFORCEMENT OF LIEN ON HOMESTEAD.—Valid liens existing on the homestead, created before the death of the head of the family, must be enforced in the District Court.

APPEAL from the Probate Court, Placer County.

On the 27th day of September, 1862, William H. Orr, and C. M. Orr, his wife, executed to C. A. Brown a mortgage on a tract of land they resided on to secure the payment of the sum of one thousand eight hundred dollars.   July 22d, 1863, Orr made and recorded a declaration of homestead on the land so mortgaged to Brown.   On the 8th day of November, 1863, Orr died intestate, leaving him surviving his wife and two infant children.   December 20th, 1864, Brown, the mortgagee, was appointed administrator of the estate, and qualified

and entered upon the discharge of the duties of his trust. January 28th, 1865, Brown's claim was allowed against the estate, and he filed a petition in the Probate Court praying for a sale of the mortgaged property for the payment of his debt and the expense of administration. The surviving wife appeared, and resisted the sale on the ground that it was the homestead of the family. The Probate Court denied the prayer of the petition and the petitioner appealed.

*Jo. Hamitton*, for Appellant.

The declaration of homestead was not made until after the mortgage was duly made. It was the same then as if no homestead declaration had been made at all. The estate came to the hands of the administrator charged with the mortgage. The estate of the deceased rests in the administrator for the benefit of the heirs, subject to the lien of the creditor. (Act 1862, p. 519; *Curtis* v. *Sutter*, 15 Cal. 239; *Updegraph* v. *Trask*, 18 Cal. 438.)

We hold that the Court had the power, and it was the duty of the Probate Judge to grant the prayer of the petition. The Court erred in the judgment and decree setting aside the property mortgaged to us as a homestead to the respondents. The mortgage was of an older date than the declaration of homestead. The declarant could not dedicate the property as a homestead so as to divest the rights of the mortgagee.

*Hale & Fellows*, for Respondent.

The order of the Probate Court denying the petition was proper, because the property in question constituted the homestead of respondent. (Belk. Prob. Law, 2d Ed., Secs. 120, 121, 124; Stat. 1860, p. 331; Stat. 1862, p. 519.)

It would seem to be the duty of the administrator to include in his inventory the homestead of the surviving wife in even such a case as this, because it was a part of the estate of the deceased, (see Belk. Prob. Law, Secs. 105 and 107;) but not

for the purpose of subjecting it generally or specially to the payment of debts, but for the sole purpose of *protecting* (not creating) the rights of the survivor thereto as a homestead. (Ib. Secs. 120, 121, 125.)

There is another and conclusive reason why appellant's petition for sale (upon the ascertained facts of this case) could not have been legally granted, viz: It, the property, was no part of the estate of W. H. Orr, deceased, within the meaning of that part of the probate law authorizing the sale of real property by the administrator under the order of the Probate Court. (See Belk. Prob. Law, 2d. Ed., Secs. 148, 149, 150, 154, 155, 156, 163, 186.)

By the Court, SANDERSON, C. J.

The order of the Court refusing to direct a sale of the homestead for the purpose of satisfying the alleged mortgage claim of C. A. Brown, is not erroneous. Section four of the Homestead Act (Statutes 1862, p. 519,) provides that "the homestead property shall, upon the death of the husband or wife, vest absolutely in the survivor and be held by the survivor as fully and amply as the same was held by them, or either of them, immediately preceding the death of the deceased, and shall not be subject to the payment of any debt or liability contracted by or existing against the said husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such debt or liability as the homestead was subject to at the time of the death of such husband or wife." Thus the homestead can be sold, after the death of such husband or wife, under legal process, only in such cases as it could have been sold during the lifetime of the deceased. Those cases are specified in the second section of the same Act, and are confined to mechanic's, laborer's, vendor's and mortgage liens lawfully obtained. In harmony with these provisions of the Homestead Act, the one hundred and twenty-first section of the Probate Act directs the Probate Court to set apart from the assets of the estate the homestead

property for the use of the family of deceased; and the one hundred and twenty-fifth section provides that such homestead property when so set apart shall be the property of the widow if there is no minor child, or, if there is a minor child, one half shall belong to the widow and the other half shall belong to such minor child, or, if there be more than one minor child, then to such minor children in equal shares. When the homestead has thus been set apart it ceases to be a part of the assets of the estate, and neither the Court nor the administrator has any further power over it, and it has become for all future purposes of the administration as if it had never existed. It is true that the widow, or widow and minor child or children, as the case may be, take it subject to all valid liens existing against it at the time of the death of the husband, but free from all other claims. If, therefore, at the death of Orr, Brown held a valid mortgage against the homestead, the widow took the homestead subject to it, and Brown can now, as before the death of the husband, subject it to the satisfaction of the mortgage debt, but his remedy is in the District Court. (*Fallon* v. *Butler*, 21 Cal. 24: *Willis* v. *Farley*, 24 Cal. 490.)

Order affirmed.