# IN THE MATTER OF THE ESTATE OF NATHAN WIXOM, DECEASED.

HOMESTEAD TO BE SET APART TO WIDOW.—Upon the death of the husband, leaving surviving him a widow and child, or children, it is the duty of the Probate Court to set aside the homestead to the use of the widow.

WIDOW INHERITS HOMESTEAD.—Upon the death of the husband, leaving a surviving widow, the homestead vests absolutely in the widow, even if there are surviving children.

CONFLICTING LAWS.—When two laws upon a cognate subject, passed at different times, are inconsistent with each other, the one first passed must yield to the latter.

APPEAL from the Probate Court, San Bernardino County.

Nathan Wixom, and Betsy Eliza Wixom, his wife, on the 16th day of April, 1861, were residing on and made and filed a declaration of homestead on Lots One and Eight, in Block Twenty, in the City of San Bernardino, County of San Bernardino. Nathan Wixom afterwards died, and his wife, who was administratrix of the estate, petitioned the Probate

Court, in 1867, to set aside the homestead to her use.   At
the time of the presentation of the petition the widow and
her two minor children, Charles and Chauncey Wixom, were
residing on the homestead.   The application was contested
by other children of the deceased, who were married and
were not living with the mother on the homestead.   The
Probate Court refused to grant the petition of the widow,
because there were minor heirs who were entitled to share
the homestead with her, and she appealed.

The other facts are stated in the opinion of the Court.

*Wm. Hayes*, and *Willis & Jackson*, for Appellant.

The right of the widow to the homestead does not, as was
supposed by the Probate Judge, arise from nor is it con-
trolled by section one hundred and twenty-one of the Pro-
bate Act.   That section is intended to act in furtherance, not
in limitation, of the provisions of the general Homestead
Law, which latter is the source of her title and right to the
homestead.

It becomes the duty of the Probate Judge, under section
one hundred and twenty-one of the Probate Act, to set apart
certain personal property for the use of the family, and to
set apart the homestead, as designated by the general Home-
stead Law; or if no homestead has been so designated,
then one shall be set apart under the provisions of section
one hundred and twenty-four of the same Act.   The general
Homestead Law gives the homestead to the surviving hus-
band or wife absolutely; sections one hundred and twenty-
four and one hundred and twenty-five of the Probate
Act give the homestead set apart under the provisions of
section one hundred and twenty-four to the widow and minor
children, in equal portions; if no minor children, the widow
takes the whole; if no widow, the minor children take the
whole.   The husband, if he was the survivor, would not be
entitled to a homestead under the provisions of the sections

41

named. The object of these sections was to provide a home-stead for the use of the widow and children in case none had been selected during the lifetime of the husband; but if a selection had been made under the general Homestead Law, it became the duty of the Judge to set it apart as provided by that law, section four of which (as amended May, 1862, Hittell's Digest, Article 3,544) is as follows: "The home-stead property selected by the husband and wife, or either of them, according to the provisions of said Act, shall, upon the death of the husband or wife, vest absolutely in the survivor." This language is so plain that no argument or construction is required to show that under it the widow, upon the death of the husband, becomes the sole owner in fee of the homestead.

If there were any doubt, it can readily be solved by a reference to section four of the Homestead Act of 1860, which provided, that upon the death of either husband or wife, the homestead should be set apart by the Probate Court for the benefit of the survivor "and his or her legitimate children."

The amendatory Act of 1862, previously referred to, omits the words "and his or her legitimate children," saying nothing about children at all, but vests the homestead absolutely in the survivor in fee simple, free from all manner of conditions or incumbrance, except such debts as the homestead was subject to at the time of the death of the husband or wife.

It is a familiar rule that when any statute is revised, or one Act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are considered as annulled.

*H. C. Rolfe,* for Contestants.

The appeal should be dismissed. If appellant is entitled to the homestead, to the exclusion of the minor children, as prayed for in her petition, and which the Probate Court

refused to grant, her remedy is by mandamus against the Probate Court. The matter in issue between appellant (petitioner) and opposing heirs, was as to what constituted the homestead, which the Court did not decide against appellant, and could not decide at all. (*Estate of James*, 23 Cal. 417.) Whatever the homested may be, it is not the exclusive property of the widow. (Probate Act, Sec. 125; *Estate of Orr*, 29 Cal. 103.)

By the Court, Sanderson, J.:

As they now read, there is some inconsistency between the provisions of the Probate Act and those of the Homestead Act, in relation to the disposition of the homestead upon the death of the husband. Both Acts were first passed in 1851, and, in the respect named, they were then consistent with each other. By the tenth section of the Homestead Act, it was made the duty of the Probate Court, "upon the death of the head of the family," to set apart the homestead "for the benefit of the surviving wife and his own legitimate children." (Stats. 1851, p. 298, Sec. 10.) By the one hundred and twenty-first section of the Probate Act it was provided "that all property by law exempt from execution" should be set apart by the Probate Court "for the use of the widow or minor child or children," (Stats. 1851, p. 463, Sec. 121,) which, of course, included the homestead, if at the time exempt by law; if not, it was still further provided, in section one hundred and twenty-four, that a homestead, of the quantity and value therein described, should be set apart. By the one hundred and twenty-fifth section it was provided that all property so set apart "for the use of the family" should be the property of the widow, if the deceased left a widow and no minor child; if a widow and minor child, one half should belong to each; if more than one child, one half to the widow and the other to the children in equal shares; if no widow, the whole to the minor child or children. Thus it is apparent that, from the first, the Probate Act was

intended to operate in aid of the Homestead Act, and not in opposition to it—to follow, and not lead.

Since then changes have, from time to time, been made in both Acts. Each has been amended without much regard to the cognate provisions of the other. Upon the particular point under consideration the Probate Act remains substanstially as it was first enacted. The one hundred and twenty-first section has been amended in other particulars, but still provides that the homestead shall be set apart "for the use of the family," (Stats. 1865–6, p. 851,) but the one hundred and twenty-fifth section remains as at first. A radical change, however, has been made in the Homestead Act, which now provides that, upon the death of either husband or wife, the homestead property shall vest absolutely in the survivor, subject only to such debts or liabilities as were a legal charge upon it at the time of the death of such husband or wife. This change was made in 1862. (Stats. 1862, p. 519.) To have maintained entire consistency, the one hundred and twenty-first and one hundred and twenty-fifth sections of the Probate Act should also have been amended in like manner. The one hundred and twenty-fifth section of the Probate Act, however, so far as it is repugnant to the amendment to the Homestead Act of 1862, must yield to the latter, the latter being the last will of the Legislature.

It is true that the one hundred and twenty-first section of the Probate Act has been amended since the amendment of the Homestead Act of 1862, and the language "for the use of the family" was retained; but the leading object of that section was not to regulate or direct the course of the title to the homestead, and therefore cannot be allowed to control it. So far as the Probate Act is concerned, the course of the title is regulated by the one hundred and twenty-fifth section. The effect of the one hndred and twenty-first section, so far as the question in hand is concerned, is merely to set the homestead apart and withdraw it from the assets of the estate, and not to direct the course of the title to it. (*Estate of W. H. Orr*, 29 Cal. 101.)

This application seems to have been contested upon the ground that a portion of the property claimed as a homestead by the widow is not such property as can be held under the homestead laws. That question, however, counsel have not discussed, and it is doubtful' whether the record fully discloses the facts upon which it rests. We, therefore, reserve the question for future consideration.

It is the duty of the Court below to first ascertain what was legally held as homestead property at the death of Wixom, and then set it apart for the use of the widow.

Order reversed, and the case remanded for further proceedings.