[No. 7,384—Department Two.]
December 5, 1882.

# R. TIERNAN v. HIS CREDITORS.

ESTIMATE OF VALUE IN DECLARATION OF HOMESTEAD.—Appeal by creditor
from an order in insolvent proceedings setting apart a homestead to the
insolvent. In the declaration of homestead, the value of the premises
was stated to be eight thousand dollars.
*Held:* On the authority of *Ham* v. *Santa Rosa Bank,* 10 P. C. L. J. 411,
the objection to the order on this ground can not be maintained.

DOUBLE-TENEMENT HOUSE AS A HOMESTEAD.—The premises consisted of a
lot of land in San Francisco, thirty-five feet in width and one hundred
and twenty-two and one half feet in depth, which with the improvements
were of the value of eight thousand dollars. Upon the land was a double
house intended for two families. The insolvent never occupied more
than the southerly half of the same—the other half has always been and
is occupied by his tenants. The double house has two distinct entrances,
and there is no connection between the two tenements by which a person
can go, within, from one house to the other.
*Held:* The Court erred in setting apart as a homestead that portion of the
premises not occupied by the insolvent.

OBJECTION TO BE MADE IN COURT BELOW.—Objection by the insolvent to the
right of creditors to contest the setting apart of a homestead to him on
the ground that they had not proved their claims, must be made in the
Court below; if not, it is too late to raise the objection in the Supreme
Court.

MORTGAGE ON HOMESTEAD OF INSOLVENT.—At the time the homestead was
set apart by the Court below to the insolvent the property was incum-
bered by a mortgage to the German Savings and Loan Society of San
Francisco, upon which there was due the sum of three thousand dollars.
The Court in the order setting apart the homestead found its value to be
not more than five thousand dollars exclusive of incumbrances thereon:
*Held:* The existence of a mortgage on the premises in this case is no element
in the ascertainment of the property to be set apart as a homestead or of
its value.

APPEAL by contestants from an order of the Superior Court,
of the City and County of San Francisco, setting apart a
homestead to the insolvent debtor. HALSEY, J.

Proceeding in insolvency. On the twenty-seventh day of
April, 1880, Richard Tiernan filed in the Superior Court of
the City and County of San Francisco, his petition in insol-
vency, under the provisions of "An Act for the relief of in-
solvent debtors and protection of creditors, approved May 4,
1852," and the Acts amendatory thereof and supplemental

thereto.  On the eighth day of July, 1880, the said Richard
Tiernan applied to the Court to exempt and set apart for the
use and benefit of himself, the real property described in the
declaration of homestead; which was made and filed by him
for record March 1, 1880.  Davis & Cowell, the appellants,
who were creditors of said insolvent, filed their opposition to
said petition upon the grounds that the premises asked to be
set apart were of greater value than five thousand dollars;
that the house upon the land claimed was a double tenement,
one half only of which was occupied by Tiernan, and the other
half was by him rented and occupied by his tenant when he
filed his declaration and ever since, and there was a separate
entrance to each tenement, and no means of communication
between them; that the alleged declaration of homestead which
Tiernan claimed to have filed on March 1, 1880, did not com-
ply with the laws of the State providing for the making and
recording of a homestead declaration.  The matter was heard
and tried upon affidavits, which were submitted without ob-
jection, and the homestead declaration of Tiernan.  This dec-
laration recites the cash value of the premises claimed, to be
eight thousand dollars.  An exception to the introduction of
this declaration in evidence was reserved by the opposing
creditors.  The only evidence as to the character of the house
upon the premises claimed as a homestead was the affidavit of
Isaac E. Davis, which stated that it was a double house, in-
tended for two families; that Tiernan never occupied but one
half of it, and the other half had always been and then was
occupied by a tenant of Tiernan; that the building had sep-
arate entrances, and there were no means of communication
between the tenements inside.

In the petition of the insolvent for the order it was shown
that the property was incumbered by a mortgage to the Ger-
man Savings and Loan Society of the City and County of
San Francisco, and that there was then due on the mortgage
the sum of three thousand dollars.  The Court granted the
petition, and made an order setting apart the property claimed
as a homestead.  In its order the Court recited "that the
property, together with the improvements thereon, is of the
value of not more than five thousand dollars exclusive of in-

cumbrances thereon." The contestants excepted to the order, and filed their bill of exceptions.

*Pillsbury & Titus*, for Appellants.

The pretended declaration of homestead stated the value .of the premises claimed to be eight thousand dollars, and was fatally defective for that reason. (*Ham* v. *Santa Rosa Bank*, 10 P. C. L. J. 411; *Ashley* v. *Olmstead*, 54 Cal. 616.) In no event was Tiernan entitled to hold as a homestead more than the half of the premises upon which he lived—the south half— and the Court erred in setting apart both tenements; actual residence in both tenements was essential to enable him to impress upon them the condition of a homestead. (*Aucker* v. *McCoy*, 56 Cal. 524; *Estate of Henry Reck*, Myrick's Pro. Rep. 59.)

*John H. B. Wilkins*, for Respondent.

The question of the validity of a declaration of homestead which states the value of the premises claimed to be eight thousand dollars, is before this Court in the case of *Ham* v. *Santa Rosa Bank*. The real property described in the declaration of homestead is a city lot thirty-five feet front by one hundred and twenty-two feet six inches deep; the building, and the only one, erected upon which is so constructed that it can be used as one dwelling, or as two tenements, and is covered by one roof; it is claimed, therefore, that only one half of the building is exempt—the half occupied by the insolvent at the time of filing his petition in insolvency. The homestead consists of the dwelling-house in which the claimant resides, and the land on which the same is situated, selected as in this title provided. (Civil Code, § 1237.)

No limitations are imposed by the Legislature upon the use which shall be made of the homestead, nor does the owner forfeit the benefit of his exemption by devoting some portion of the building to another use than a mere residence of his family. (Thompson on Homesteads, § 137; *Phelps* v. *Rooney*, 9 Wis. 70; *Smith* v. *Stewart*, 13 Nev. 65; *Ackley* v. *Chamberlain*, 16 Cal. 181; *Ornbaum* v. *His Creditors*, 10 P. C. L. J. 225.)

The COURT:

This is an appeal from an order, in insolvent proceedings, setting apart a homestead to the insolvent.

1. The declaration of homestead stated the value of the premises to be eight thousand dollars. The objection to the order on this ground is disposed of by the opinion of this Court in *Ham* v. *The Santa Rosa Bank,* 10 P. C. L. J. 411.

2. The premises consist of a lot or parcel of land thirty-five feet wide, fronting on Mission Street, in the City and County of San Francisco, by one hundred and twenty-two and a half feet deep, which, with the improvements, are of the value of eight thousand dollars. Upon the land is a double house, intended for two families; Tiernan never occupied more than the southerly half of the same—the other half has always been and is occupied by his tenants. The double house has two distinct entrances, and there is no connection between the two tenements by which a person can go, within, from one house to the other. Under such circumstances, the Court erred in setting apart that portion of the premises not occupied by Tiernan. "The homestead consists of the dwelling-house in which the claimant resides, and the land on which the same is situated." (C. C., § 1237.) In this case, the claimant did not reside in the structure which was occupied by his tenants. The facts of this case are widely different from the case of a person residing in a building and renting a portion or portions of it to roomers or lodgers.

3. Objection is made to the creditors being heard in this matter, before they shall have proved their debts. It might be said that the petitioner himself, having put their names in his list of creditors, is estopped from making the objection; but it is enough to say that the matter was heard in the Court below without this objection being made, and it is too late to make it here for the first time.

4. The existence of a mortgage on the premises in this case is no element in the ascertainment of the property to be set apart as a homestead or of its value.

Order reversed and cause remanded for proceedings in accordance with this opinion.