[No. 9806.   In Bank. — March 29, 1888.]

J. M. MALONEY ET AL., APPELLANTS, *v.* J. H. HEFER, RESPONDENT.

HOMESTEAD — LOT HAVING TWO HOUSES THEREON — ACTUAL RESIDENCE BY DECLARANT. —An owner of a lot of land having two houses thereon, which are separated from each other by a fence, who exclusively resides in one of the houses, the other being occupied by a tenant, can acquire a homestead only on that part of the lot on which the house in which he resides is situated.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*E. J. & J. H. Moore, Nathaniel Bennett,* and *Edward J. Pringle,* for Appellants.

*N. B. Mulville,* for Respondent.

SEARLS, C. J.—This cause was heard and decided by Department One, in an opinion filed November 30, 1887.

A rehearing was subsequently granted, and the cause has been reargued before the court in Bank.

Counsel for appellants urges that the effect of the former judgment was to reverse a finding of the court below which was not attacked. We draw no such inference from the decision.

Plaintiffs and appellants sought by their action to quiet title to a lot of land claimed as their homestead,

having upon it a front and rear house, the former of which was rented to tenants, and the latter occupied by them as a family residence.

The wife made a declaration of homestead upon the whole property while so occupying the rear building, and had then rented such rear building, except one room therein reserved for storing the family furniture, and had removed temporarily from the premises, and remained absent therefrom for three or four months, during which time the declaration of homestead was filed and recorded. Defendant had caused that portion of the lot covered by the front house to be sold upon an execution issued on a judgment in his favor, and held a sheriff's deed therefor.

Defendant claimed title to the front portion of the lot under this sheriff's deed, but did not make any claim to the rear house and premises. The court found that the front house and premises were not the homestead of plaintiffs, and that defendant had title thereto; that the rear house and premises were the homestead of plaintiffs, etc., and quieted their title thereto.

Plaintiffs appealed from so much of the judgment as decreed defendant to be the owner of, and quieted his title to, the front house and premises.

As to that portion of the decree which awarded the rear house and premises to plaintiffs as their homestead and quieted their title thereto, there was no appeal.

It follows: 1. That what was said in the former opinion did not have, and could not have, any reference to the rear house and premises; and 2. That, as plaintiffs claimed the front house and premises as a homestead, all questions touching the validity of such claim were pertinent to the inquiry on this appeal.

The fact that the same declaration of homestead covered the entire property, a portion of which is not in dispute, cannot preclude an inquiry into the sufficiency of that declaration, or the existence of the facts neces-

sary to uphold it, so far as applicable to the subject of this controversy.

"The homestead consists of the dwelling-house in which the claimant resides, and the land on which the same is situated." (Civ. Code, sec. 1237.)

It is the principal use to which property is put, and not quantity, which furnishes the test in determining the question whether or not property is subject to dedication as a homestead. (*Ackley* v. *Chamberlain*, 16 Cal. 182; 76 Am. Dec. 516; *Gregg* v. *Bostwick*, 33 Cal. 220; 91 Am. Dec. 637.)

And if only a part of the land described in the homestead declaration be actually used and appropriated as the home of the family, the remainder, not so used and appropriated, forms no part of the homestead claim, in the sense of the statute. (*Mann* v. *Kugers*, 35 Cal. 319.)

In *Tiernan* v. *His Creditors*, 62 Cal. 286, it was held that, in case of the ownership of a double house, one side of which was occupied by the insolvent as a family residence, and the other side rented to tenants, the part so rented could not be set off as a homestead to the insolvent.

In *Laughlin* v. *Wright*, 63 Cal. 113, it was said:—

"But the mere filing of a declaration of homestead does not of itself constitute the premises embraced within it the homestead of the declarant. The *use* of the property is an important element to be considered. From the record in this case it appears that the premises in question were used by the Wrights primarily and principally as a hotel, for the accommodation of the public. . . . . But their residence there was but incidental to the business of running the hotel. . . . . It would be doing violence to the statute to regard property so used as a homestead, which is, and was intended to be, the place where the home is."

The benign object of the statute was to protect *the*

*home* of the owner from forced sale, and not to withdraw from the reach of creditors property of the debtor as a source of revenue for the support of himself or family.

In view of this paramount object, the justice of the distinction made and the limitation placed upon the right of the homestead claimant is manifest.

As to the premises in dispute, the finding of the court, which is amply supported by the evidence, is against the appellants. It is as follows:—

"The plaintiffs have not lived in or occupied said front house or premises for over ten years last past, but have been renting the same to tenants during that time."

The findings then proceed to show that the premises in question are separated from the residence in the rear by a tight board-fence, and are separate and independent from each other, etc.

Premises thus separated and thus used were not subject to dedication as a homestead by the mere filing of a declaration as provided by the statute; and waiving all question as to a homestead right initiated by a declaration made when the parties lived upon the rear premises, but filed and recorded after they had left and temporarily rented such premises, and the conclusion is still inevitable that, as to the front lot, it did not and could not become a homestead, because not used as a home at the time of, or for many years prior to, the declaration by which it was sought to impress it with that character.

The judgment and order appealed from are affirmed.

McKINSTRY, J., TEMPLE, J., McFARLAND, J., SHARP-STEIN, J., PATERSON, J., and THORNTON, J., concurred.