[No. 12237. In Bank. — February 27, 1889.]

IN THE MATTER OF ALBERT ALLEN, IN INSOLVENCY. | 78  293|
| 82  229|

HOMESTEAD — WHAT PROPERTY SUBJECT TO — PRINCIPAL USE. — The prin- 78  293
cipal use to which property is put, and not its quantity, is the test in 117  354
determining whether it was subject to homestead. | 78  293|
| 141  651|

APPEAL from a judgment of the Superior Court of Butte County, setting apart a homestead, and from an order refusing a new trial.

The facts are stated in the opinion.

*F. C. Lusk,* for Appellant.

The land in dispute never became impressed with the homestead character, and it should not have been set apart, as the declarant did not reside on it when he made his declaration. (Civ. Code, sec. 1237; *Ackley* v. *Chamberlain,* 16 Cal. 182; 76 Am. Dec. 516; *Gregg* v. *Bostwick,* 33 Cal. 220; 91 Am. Dec. 637; *Mann* v. *Rogers,* 35 Cal. 319; *Prescott* v. *Prescott,* 45 Cal. 58; *Babcock* v. *Gibbs,* 52 Cal. 629; *Dorn* v. *Howe,* 52 Cal. 630; *Aucker* v. *McCoy,* 56 Cal. 526; *Tiernan* v. *His Creditors,* 62 Cal. 286; *Laugh-*

*lin* v. *Wright*, 63 Cal. 113; *Pfister* v. *Dascey*, 68 Cal. 572; *Skinner* v. *Hall*, 69 Cal. 195; *In re Crowey*, 71 Cal. 300; *In re Noah*, 73 Cal. 590.)

*Park Henshaw,* and *B. Collins*, for Respondent.

The fact that the declarant carried on business on a part of the premises did not prevent such part from becoming impressed with the homestead character. (*Clark* v. *Shannon*, 1 Nev. 568; *Hubbell* v. *Canady*, 58 Ill. 427; *Orr* v. *Shraft*, 22 Mich. 260; *West River Bank* v. *Gale*, 42 Vt. 27; *Lazell* v. *Lazell*, 8 Allen, 576; *Ackley* v. *Chamberlain*, 16 Cal. 181; 76 Am. Dec. 516; *Gregg* v. *Bostwick*, 33 Cal. 220; 91 Am. Dec. 637; *Estate of Delaney*, 37 Cal. 176; *Englebrecht* v. *Shade*, 47 Cal. 628; *Skinner* v. *Hall,* 69 Cal. 195; *Ornbaum* v. *His Creditors*, 61 Cal. 457.)

HAYNE, C.—This is an appeal from a judgment setting apart a homestead under the insolvency laws, and from an order denying a motion for a new trial. The declaration of homestead covered lots 4 and 5 of block 39 of the town of Chico. These two lots adjoined each other, and were together under the value of five thousand dollars. The family dwelling was upon lot 5, and the outhouses, chicken-yard, etc., covered the rear portion of lot 4. It is conceded that the homestead was valid as to lot 5, and as to the above-mentioned portion of lot 4. But it is contended that the front portion of lot 4— about eighty-nine feet in depth—was used for business purposes, and that there was no actual residence thereon. Upon this eighty-nine feet there was a two-story building. In relation to this, the findings (which are full of matter of mere evidence) contain the following statement: "Ever since the erection of the building it has been used principally for business purposes, to wit, general blacksmithing, wagon-building, and repairing, painting, and varnishing wagons"; and the balance of the eighty-nine feet was used in connection with said business. In pre-

paring the opinion adopted by the department, we overlooked this finding, and we think it makes a difference in the result.    In the case of *Maloney* v. *Hefer*, 75 Cal. 422, which was under consideration on rehearing at the time our former opinion was rendered, the court in Bank, per Searls, C. J., said: "It is the principal use to which the property is put, and not quantity, which furnishes the test in determining the question whether or not property is subject to dedication as a homestead. (*Ackley* v. *Chamberlain*, 16 Cal. 182; 76 Am. Dec. 516; *Gregg* v. *Bostwick*, 33 Cal. 220; 91 Am. Dec. 637.)    And if only a part of the land described in the homestead declaration be actually used and appropriated as the home of the family, the remainder not so used and appropriated forms no part of the homestead claim in the sense of the statute."    Upon the authority of this decision, we think the judgment in the case before us must be reversed.

We do not think, however, that final judgment can be ordered in favor of the appellant, because the finding above mentioned is in direct contradiction of the sixth and eighth findings.

We therefore advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and cause remanded for a new trial.

Rehearing denied.