[Sac. No. 203.   Department Two.—June 18, 1897.]

## IN THE MATTER OF B. F. LIGGET, AN INSOLVENT.

HOMESTEAD — DECLARATION EMBRACING TWO HOUSES—INSOLVENCY. — Where, at the time of filing a declaration of homestead, the property included therein consists of two houses, one of which is used exclusively for the purpose of leasing, the one so used, with its adjacent land, does not become impressed with the homestead character, and the court cannot, in subsequent insolvency proceedings, include it in the homestead set apart to the insolvent debtor, notwithstanding it may be as equally suitable for a homestead as the portion on which the debtor actually resided.

ID.—WRITTEN OPPOSITION.—Under the Insolvent Act of 1895 the court may refuse to set apart to the insolvent property improperly included in a declaration of homestead, although no formal written opposition is filed to the petition to set it aside.

ID.—FINDINGS.—Whether necessary or not, the making and filing of findings on an application to set aside a homestead to an insolvent could not prejudice him, nor could he complain of any action of the court of that character taken at his request.

APPEAL from an order of the Superior Court of Yolo County setting apart a homestead.  W. H. GRANT, Judge.

The facts are stated in the opinion.

*R. Clark*, and *F. E. Baker*, for Appellant.

*Hurst & Hurst*, and *L. T. Hatfield*, for Respondents.

HAYNES, C.—B. F. Ligget, having been adjudged an insolvent debtor upon the petition of his creditors, filed a petition in the superior court asking to have set apart as a homestead lots 1, 2, 3, 4, 9, and 10 of block 2, range D, of the town of Davisville, in Yolo county. The assignee appeared and contested the petition as to a portion of the property sought to be set apart.

Findings were filed by the court, from which it appears that prior to the proceedings in insolvency the wife of petitioner caused a declaration of homestead to be filed upon all of said property; that at the time of making and filing said declaration of homestead, and at the time of the hearing of said petition, the said petitioner with his wife and family resided on lot 3, upon

which their dwelling-house was situated; that all of lots Nos. 2, 3, 4, 9, and 10, and a strip across the rear end of lot No. 1 of twenty feet, more or less, were used in connection with and as a part of said homestead, but that no part of said lot No. 1, except the said strip, was ever used in connection with or as a part of said homestead; that at the time of the said making and filing of the said declaration of homestead there was, and now is, upon the front part of said lot 1 a dwelling-house and appurtenances thereto, and that said lot 1, except said strip across the rear end thereof, is separated from the remainder of said premises by a fence, and had been rented by said petitioner at a monthly rental of about eight dollars, but had not been rented since the filing of said homestead declaration, and that petitioner had never used said portion of said lot 1 except to rent it. The court further found that said lot 1 is suitable for a homestead, as is also the remainder of the said premises, including the said strip off the rear end of said lot 1.

The court thereupon made an order setting apart to the petitioner all of said property except that portion of lot 1 which was inclosed with the dwelling upon it, and which had been theretofore occupied by a tenant, and the petitioner appeals from so much of said order as refused to set apart to him as a homestead the whole of lot 1 with the other property.

Appellant seems to rely upon the fact that his wife included the whole of the property in her declaration of homestead, and that therefore the homestead so declared upon must be set apart under the statute. In this the appellant is mistaken. Section 1237 of the Civil Code provides: "The homestead consists of the dwelling-house in which the claimant resides, and the land on which the same is situated selected as in this title provided."

In *Lubbock* v. *McMann*, 82 Cal. 226, 229, 16 Am. St. Rep. 108, a declaration of homestead had been filed upon a lot upon which there was but one dwelling-house, and afterward a second dwelling was erected upon a por-

tion of the same lot. It was held that the homestead covered and included both dwellings, the court holding that the erection of the additional dwelling did not vitiate or affect the homestead as an entirety; that a homestead once duly established cannot be defeated nor vitiated except by conveyance, encumbrance, or abandonment in the manner provided by sections 1242 and 1243 of the Civil Code. But the court said that "if at the time of filing the declaration for record the two houses now standing upon his lot had been standing as they now do, and occupied as they now are, only the one occupied as the dwelling of the plaintiff, with that portion of the lot used in connection therewith, would have been impressed with the homestead character; as to the other house and the land used in connection with it, the attempt to dedicate it as a homestead would have been inoperative. (*Tiernan* v. *His Creditors*, 62 Cal. 286; *Maloney* v. *Hefer*, 75 Cal. 424; 7 Am. St. Rep. 180; *In re Allen*, 78 Cal. 294.)"

It is clear, therefore, that the filing of the declaration of homestead by Mrs. Ligget did not operate to include the dwelling on lot 1, and that portion of the lot inclosed therewith, in the homestead, nor does the code permit the court to include it with the other lots, upon which the petitioner resides, in the homestead set apart by the court; nor are the findings that lot 1 with the dwelling thereon was suitable for a homestead, and that the portion set apart was also suitable as a homestead, inconsistent.

Appellant further contends that no written opposition to his petition was filed, that therefore no issue was made, and the court should have set aside the whole of the property petitioned for.

Under the Insolvent Act of 1895 it is made the duty of the court to set apart a homestead for the benefit of the insolvent "in the manner provided in section 1465 of the Code of Civil Procedure." That section authorized the court on its own motion, or on petition therefor, to set apart a homestead for the use of the surviving

husband or wife, etc.; but the homestead set apart under that provision of the Code of Civil Procedure could not exceed the homestead provided for in section 1237 of the Civil Code. It might be set apart by the court on its own motion or upon the petition of the insolvent. Neither the Insolvent Act nor the Code of Civil Procedure provided for any written opposition, and whether anyone opposed the application or not it was the duty of the court to ascertain the facts in relation to the character and occupation of the property, and the court was not authorized to set apart any property which under the law did not constitute a part of the homestead occupied by the petitioner simply because the application was not opposed.

It is further said by appellant that there can be no findings where no issues are tendered, and that findings are useless unless they are within the issues. The assignee, however, appeared and opposed the granting of the petition so far as it included lot 1 and the dwelling thereon, so that there was in fact an issue to be passed upon, and the findings recite that the court at the request of the petitioner prepared and filed findings of fact and conclusions of law. Whether necessary or not, the making and filing of findings could not prejudice the petitioner; nor could he complain of any action of the court of that character taken at his request. No other questions are presented.

The order and decree of the court appealed from should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the order and decree of the court appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.