[Civ. No. 13486.    Second Dist., Div. One.    July 24, 1942.]

MARY E. BRYAN PHELPS, Appellant, v. C. V. LOOP et al., Respondents.

Irving E. Read and Monroe & McInnis for Appellant.

Chandler & Wright, Morgan W. Lowery and Oliver S. Northcote for Respondents.

DORAN, J.—In the within action the complaint alleged in substance that plaintiff and appellant had obtained a judgment in the sum of $9,243.30 against defendants and respondents, which had become final; that a writ of execution duly issued was levied upon the property of defendants, who, within a few days, served the sheriff with a certified copy of a declaration of homestead on said property which had been recorded for some months, wherefore the writ was returned unsatisfied. Further appropriate allegations established the sufficiency of the complaint, the prayer of which was as follows:

"Wherefore, plaintiff prays that defendants may be required to answer this amended complaint; that this cause shall be set for trial at the earliest possible date, as provided by section 1062a of the Code of Civil Procedure, and that upon a trial thereof the court determine the validity of said declaration of homestead and declare and adjudicate the rights of the respective parties in and to said property. *Plaintiff prays that upon said trial the court find and determine that said declaration of homestead is a nullity and void, and that said real estate owned as aforesaid by the defendants is subject to the levy of execution* in said cause No. 70254, and that plaintiff now holds a valid lien and judgment on said property to the extent of her judgment, interest and costs as herein alleged." (Italics added.)

At the trial of the action, following the necessary formal proof, plaintiff called defendant under section 2055 of the Code of Civil Procedure and proved the character of the property in question, which by reason thereof, according to plaintiff's contention, could not, under the law, be impressed

with a homestead. At the conclusion of plaintiff's case a motion for nonsuit was granted. The appeal is from the judgment that followed.

Appellant submits the question on appeal as follows: "1. Where a property is constructed as an apartment house and is especially adapted to that purpose and is used for the primary purpose of carrying on the business of renting accommodations to the public, can it be declared the homestead of the owner? 2. Is an action for declaratory relief the proper remedy to determine the validity of the declaration of homestead and to determine if the property is subject to execution? 3. In such action is it proper to grant a nonsuit?"

Respondents, on the other hand, offer the following:

"Question Presented. The respondents do not agree with appellant's statement of the questions presented, and submit that the proper and only question presented by this appeal is the following: A husband and wife filed a declaration of homestead on a 125x50 ft. lot on which was a thirty-five year old, three story frame building. The building contained six double apartments, three single apartments, and nine light housekeeping rooms. The husband and wife, for approximately two and a half years prior to filing the declaration and since that date resided in the building as their bona fide home and residence, occupying one of the double apartments and one of the light housekeeping rooms. During this time the wife in order to assist her husband in maintaining the home leased out the other apartments. Is such a building and lot the subject of homestead?"

In disputing the remedy sought by appellant under section 1060 of the Code of Civil Procedure respondents contend that appellant should have pursued any one of several different remedies. For example, it is argued that appellant could have proceeded under section 1245 of the Civil Code; or brought an action to set aside the homestead; or bought the property in question at a sheriff's sale and then commenced an action to quiet title, etc. Such suggestions have no bearing on the validity of the action relied on by appellant. That such action is proper there can be no question. The pertinent language of section 1060 of the Code of Civil Procedure is as follows: "Any person interested . . . who desires a declaration of his rights . . . in respect to . . . property . . . may, in cases of actual controversy relating to

the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the premises, . . .''

Regardless of what other remedies may have been available it was plaintiff's right to make the selection. From the standpoint of plaintiff the other remedies may have presented serious objections. The action was proper under the law; the complaint was sufficient in form and substance and it was the trial court's plain duty to find the facts and determine the law as to the issues joined by the pleadings. It clearly was an abuse of discretion for the court to refuse so to do. Except in certain cases judgment must be on the merits. (§ 582, Code Civ. Proc.) Plaintiff proved a ''sufficient case'', as contemplated by subdivision 5 of section 581 of the Code of Civil Procedure, and hence was entitled to findings, unless waived, and a judgment ''on the merits''.

As hereinbefore noted in substance and effect, not only were valid issues left undetermined, but a legitimate request for such a determination as recited in the prayer of the complaint was refused. In *City and County of San Francisco* v. *Brown*, 153 Cal. 644 [96 Pac. 281], the Supreme Court declared as follows: ''The judgment as rendered was one of non-suit only, the effect of which was simply to declare that the plaintiff had failed to make proof of material allegations necessary to sustain his cause of action. It decided nothing on the merits of the controversy, and necessarily could not, as its effect was to virtually put the plaintiff out of court. It operated simply as a dismissal of the case. . . . And a nonsuit suffered for any cause is not a bar to a suit subsequently brought on the same cause of action.'' (Page 647.)

The foregoing disposes of the only issues revealed by the record to be duly raised by the action of the court below and relevant to the appeal herein. Respondents' contention that appellant seeks to ''have the declaration of homestead set aside'' is not supported by the record. Nor is it correct, as contended by respondents, that, ''The ruling of the trial court in granting a nonsuit is a ruling that the homestead is valid'' and that ''the judgment of nonsuit is a final declaration under the facts as presented, that the homestead is valid''.

Much of the brief is devoted to the question of whether the property involved is a proper subject of homestead. That question remains to be determined at the trial, and for rea-

sons hereinbefore stated, is not now a proper subject for review. Moreover, the state of the law is such that helpful suggestions would be presumptuous. For example, no attempt has been made in any of the decisions to construe the term "dwelling-house" by the application of fundamental rules of construction. The statute in question reads as follows: "The homestead consists of the dwelling-house in which the claimant resides, and the land on which the same is situated, selected as in this title provided." (§ 1237, Civ. Code, Stats. 1872, as amended.)

In that connection the Supreme Court has declared that: " 'It is the principal use to which the property is put, and not quantity, which furnishes the test in determining the question whether or not property is subject to dedication as a homestead' ". (*In re Albert Allen,* 78 Cal. 293 [20 Pac. 679], quoting *Maloney* v. *Hefer,* 75 Cal. 422 [17 Pac. 539, 7 Am. St. Rep. 180].) And in *Estate of Levy,* 141 Cal. 646 [75 Pac. 301, 99 Am. St. Rep. 92], at page 649, may be found the following: "When the statute speaks of the 'dwelling-house' it means the 'building' which is occupied as a dwelling-house by the family, and not such portion of the building as may be actually used by the family for residence purposes. It is well settled, as was said by this court in *Heathman* v. *Holmes,* 94 Cal. 291 [29 Pac. 404], that 'using a building partly, or even chiefly, for business purposes, or renting part of it, is not inconsistent with the right of homestead, provided it is, and continues to be, the bona fide residence of the family.' " Thus *"bona fide residence"* becomes the test in the determination of the question and by judicial legislation the term "building" is substituted for the term "dwelling-house". Just why the Legislature intended building instead of dwelling house is not explained by reference to any rules of construction nor are any reasons given for such assumption. That the term building is general, less certain and more comprehensive than the term "house", there can be no question and hence the effect and extent of section 1237 is broadened from the particular to the general almost without limitation. It is noteworthy in that regard that the same Legislature that adopted section 1237 (1872-1873), adopted sections 459 and 460 of the Penal Code defining burglary and the degrees thereof, which sections appear to recognize a definite distinction among the terms "house", "dwelling-house" and "building".

Later decisions return to the rule that it is the *"principal use"* to which the property is put, in addition to residence, that constitutes the test referred to.

On the asserted grounds of liberal construction, there is a definite tendency in the decisions to indulge the homestead to such an extent that a wide variety of business ventures appear to be well protected by the same shelter.

The foregoing brief reference to the law is included to emphasize the importance of the issue involved and the necessity for a trial on the merits.

For the reasons stated the judgment is reversed and the cause remanded for trial on the issues joined by the pleadings.

York, P. J., and White, J., concurred.