[Civ. No. 12761.   First Dist., Div. Two.   Sept. 25, 1944.]

ALICE ROBSON, as Executrix, etc., Appellant, v. ROSS B. MEDER, Respondent.

Mueller & Westover and Chas. N. Douglas for Appellant.

J. E. Hood and Walter Eliassen for Respondent.

NOURSE, P. J.—Plaintiff sued as executrix to recover rent from the surviving spouse of deceased for use of the premises which were occupied by the family at the time of decedent's death. Defendant had judgment and plaintiff appeals on the judgment roll.

The trial court found that from the date the property was acquired the decedent and the surviving husband occupied it as their home, that the surviving husband continued in the possession and occupancy of the premises under legal right and now holds possession under an order of the probate court setting the premises apart to him as a homestead during his lifetime.

There is only one issue presented by the record and that is whether section 660 of the Probate Code means that the surviving spouse may remain in the home premises without payment of rent until the inventory is filed.

The material portions of this section read: ''The decedent's surviving spouse and minor children are entitled to remain in possession of the homestead, the wearing apparel of the family, the household furniture and other property of the decedent exempt from execution, until the inventory is filed. Thereupon or at any subsequent time during the administration, the court, on petition therefor, may in its discretion set apart to the surviving spouse, . . . all or any part of the property of the decedent exempt from execution.''

The word ''homestead'' is used here in its popular rather than legal sense. It means the dwelling house in which the decedent and the surviving spouse resided at the time of the decease. ''Both in the Constitution and in the statute the word 'homestead' is used in its ordinary or popular sense—or, in other words, its legal sense is also its popular sense. It represents the dwelling house, at which the family resides, with the usual and customary appurtenances, including outbuildings of every kind necessary or convenient for family use and lands used for the purposes thereof.'' (*Gregg* v. *Bostwick,* 33 Cal. 220, 227 [91 Am.Dec. 637].) This use of the term is further approved in *Keyes* v. *Cyrus,* 100 Cal. 322,

324 [34 P. 722, 38 Am.St.Rep. 296], where the court said: ''The word 'homestead' has both a popular and a legal signification. In its popular sense it signifies the place of the home—the residence of the family: . . . It is in this sense that the word is used in the constitution, and also in the statute; in other words it is the actual homestead to which they refer, and to which they purport to add certain legal incidents. The term itself is nearly as old as the English language, but its use in legislation is quite modern, and is peculiarly American.''

█ The difference between a declared homestead and a probate homestead is well defined. The former arises from the provisions of sections 1237 et seq. of the Civil Code. The latter arises from sections 660 et seq. of the Probate Code. The homestead designated under the Civil Code sections ordinarily goes to the survivor. That referred to in the Probate Code is carved out of the estate of the deceased. The distinction is recognized in sections 661 and 663 of the Probate Code. █ It has been said that ''The objective policy of the statutes [Probate Code] is protection of the family as a social unit in the home against demands of creditors, heirs and the family's own improvidence.'' (11A Cal.Jur. 605.) This object is inconsistent with the theory that the surviving member of the family should pay to the estate rent for the premises. It should be noted that section 660 of the Probate Code permits the surviving spouse and the minor children to remain in possession, not only of the homestead, but of the wearing apparel of the family, and of the household furniture. It would be absurd to argue that rent should be paid for these items.

Obviously the right of possession means the right of peaceful occupancy. In giving to the surviving spouse and the minor children the right of possession of the family home, furniture, and wearing apparel, it must be assumed that the estate could not hold the family liable for the rent of any of such items. This is evident when we consider the arrangement and titles of the code sections. Chapter XI of the Probate Code is titled ''Support of the Family.'' It contains two articles. Article I containing sections 660 to 668 is titled ''Homestead and Exempt Property.'' Article II, containing sections 680 to 683 is titled ''Family Allowance.'' From this it is evident that it was the intention of the Legislature by section 660 to provide for the ''Support of the Family'' by

permitting the surviving spouse and minor children, if any, to remain in the family home without obligation to the estate for the use of the premises. This right continues until the inventory has been filed whereupon the court on petition of the surviving spouse or minor children may set apart the homestead in accord with the provisions of article I. From the record it appears that such proceedings were taken after the complaint herein was filed and that they were pleaded in a supplemental answer. The trial court found that these allegations of the supplemental answer were true and this would settle the controversy if it were not that the appellant in her reply brief quotes from *Estate of Moore,* 57 Cal. 437, 444, and insists that the language of that opinion is a construction of section 660 of the Probate Code favorable to her contention. The error lies in counsel's references to the two codes. Section 1485 of the Code of Civil Procedure which was construed in the Moore case has no similarity to section 660 of the Probate Code. The latter section is based upon section 1464 of the Code of Civil Procedure. The provisions of section 1485 are carried into section 668 of the Probate Code, and the intention is there made clear that they relate only to homesteads declared in the lifetime of decedent.

We find no error in the judgment as entered. The judgment is affirmed.

Spence, J., and Dooling, J. pro tem., concurred.