[Civ. No. 31631. Second Dist., Div. Five. Feb. 26, 1968.]

Estate of RUPERT SCHMELZ, Deceased. EVA SCHMELZ, Petitioner and Respondent, v. EUGEN SCHMELZ et al., Objectors and Appellants.

H. A. Gebhardt and Robert H. Stelzner for Objectors and Appellants.

Leonard H. Woodard and Frank Gafkowski, Jr., for Petitioner and Respondent.

STEPHENS, J.—This appeal is from an order setting apart a homestead to the surviving widow.

The decedent died September 30, 1962, leaving surviving his widow. Included in the property owned by the decedent were two pieces of real property. One was a multiple dwelling, consisting of four rental units in Huntington Park, California, which was held in joint tenancy with the surviving spouse, the income from which was $1,600 per year. The other real property owned by decedent was located in South Gate, California. This was the separate property of the decedent and consisted of eight units on one lot (two houses in the front and a six-unit apartment building in the rear). Decedent and his spouse lived in an apartment on the South Gate property. It is the whole of this property which the surviving spouse successfully sought to have impressed with a probate homestead, no homestead having been selected, designated and recorded during the lifetime of decedent.

Complying with the dictate of section 661[1] of the Probate

---

[1]Probate Code, § 661: "If no homestead has been selected, designated and recorded, or in case the homestead was selected by the survivor out of the separate property of the decedent, the decedent not having joined therein, the court, in the manner hereinafter provided, must select, designate and set apart and cause to be recorded a homestead for the use of the surviving spouse and the minor children, or, if there be no surviving spouse, then for the use of the minor child or children, out of the community property or quasi-community property or out of real property

Code, the court granted the petition for homestead and, determining that the property was incapable of physical partition, impressed the whole property with the homestead burden.[2]

Since there was neither community real property nor real property owned in common by decedent and the surviving spouse, the only property available for imposition of the homestead burden was the separate property of decedent.

While a cursory reading of *Estate of Kachigian*, 20 Cal.2d 787 [128 P.2d 865] may lead one to the conclusion that a homestead might be imposed upon joint tenancy property, this is an inaccurate conclusion when dealing with a probate homestead as distinguished from one created during the lifetime of the joint tenant. In the latter case, as in the case of any appropriate separate property, a homestead may be impressed thereon by one co-tenant. (*Watson* v. *Peyton*, 10 Cal.2d 156 [73 P.2d 906].) In the case of probate homesteads, however, the court may impose such burden only upon appropriate property within the estate of decedent.

owned in common by the decedent and the person or persons entitled to have the homestead set apart, or if there be no community property or quasi-community property and no such property owned in common, then out of the separate property of the decedent. If the property set apart is the separate property of the decedent, the court can set it apart only for a limited period, to be designated in the order, and in no case beyond the lifetime of the surviving spouse, or, as to a child, beyond its minority; and, subject to such homestead right, the property remains subject to administration.

"For the purposes of this section, the terms 'quasi-community property' and 'separate property' have the meanings given those terms in Section 1237.5 of the Civil Code. (As amended Stats. 1957, ch. 490, § 5, p. 1522, Stats. 1961, ch. 636, § 14, p. 1842.)"

2"THE COURT: You want a probate homestead of what?

"MR. STEVENS [Attorney for petitioner-surviving spouse]: Of the total properties, your Honor. I think that it is incapable of being severed. It is incapable and I think both other counsel will agree that it is incapable of physical partition.

"THE COURT: Is that correct, gentlemen?

"MR. STEVENS: Under the Hanson Estate.

"THE COURT: Yes, I appreciate that. But do you all agree it is incapable of being separate?

"MR. STELZNER [Attorney for executor]: That's correct, because it is all individual apartments and the one she is living in is in part of the entire building.

"THE COURT: All right. Anything further?

"MR. GEBHARDT [Attorney for contesting heirs]: (Shaking head negatively.)" [Thus acquiescing in the stipulation that the whole of the requested homestead was indivisible.]

Findings of Fact and Conclusions of Law were filed relative to the order setting aside homestead. Objections were filed to the proposed findings submitted to the probate court. No objection was raised to finding IX "[t]hat said property consists of the residence occupied by petitioner, Eva Schmelz, and some rental units but said property is incapable of physical partition."

444

(Cal. Estate Administration (Cont. Ed. Bar 1960) pp. 7, 41, cit. *Estate of Klumpke,* 167 Cal. 415 [139 P. 1062].) ▮ Joint tenancy property is, of course, not included within a decedent's estate, and no burden thereon may be imposed by the probate court. *Kachigian,* involving a homestead declared upon property held by decedent as a tenant in common, recognized this obvious distinction and properly included such separate property interest within that property susceptible to a probate homestead.

Since there was but the one piece of separate property in the instant estate, and it was of the general type amenable to a homestead (residential), there remained four issues to be determined by the court below upon the petition. ▮▮ The first issue concerned the extent of the property to be set aside for homestead. While this, generally, is a matter of the trial court's discretion, the appellants urge that here there was an abuse of discretion. In the light of the concessions hereinbefore set forth in footnote 2, we do not agree. The setting aside of property consisting of multiple apartments on a single piece of real property, contained in a single structure, has been approved in *Estate of Levy,* 141 Cal. 646 [75 P. 301, 99 Am.St.Rep. 92], *Estate of Magorty,* 169 Cal. 163 [146 P. 430], and *Estate of Nelson,* 224 Cal.App.2d 138 [36 Cal.Rptr. 352].

We find no appellate case in which the issue determined was that a probate homestead was properly impressed upon a piece of property where there are multiple dwellings, each or any of which is complete as a proper residence for homestead purposes. To the contrary, the case of *Maloney* v. *Hefer,* 75 Cal. 422 [17 P. 539, 7 Am.St.Rep. 180] held that where there were two houses on the one lot and each was divisible and separate from the other, only that portion actually the residence of the homesteader was subject to the dedication of the homestead. *Lubbock* v. *McMann,* 82 Cal. 226 [22 P. 1145, 16 Am.St.Rep. 108] is authority that impressment of a homestead on such a property would be an abuse of discretion. There, the court declared (at p. 229): "If, at the time of filing the declaration for record, the two houses now standing upon this lot had been standing as they now do, and occupied as they now are, only the one occupied as the dwelling of the plaintiff, with that portion of the lot used in connection therewith, would have been impressed with the homestead character; as to the other house and the land used in connection with it, the attempt to dedicate it as a homestead would

have been inoperative. (*Tiernan* v. *His Creditors*, 62 Cal. 286; *Maloney* v. *Hefer*, 75 Cal. [422] 424 [17 P. 539, 7 Am.St.Rep. 180]; *In re Allen*, 78 Cal. [293] 294 [20 P. 679].)'' The case of *In re Ligget*, 117 Cal. 352 [49 P. 211, 59 Am.St.Rep 190] is to the same effect. In *Estate of Levy, supra,* 141 Cal. 646, the court approved the setting aside of a single building containing three apartments. The court there (p. 651) states: ''Appellants rely also on a line of cases where it is held that where two or more buildings suitable for dwelling-house purposes, belonging to the claimant, are situated upon the same parcel of land, and the claimant resides in one, he can legally select but one as a homestead. (*In re Ligget*, 117 Cal. 352 [49 P. 211, 59 Am.St.Rep. 190]; *Tiernan* v. *His Creditors*, 62 Cal. 286; *Maloney* v. *Hefer*, 75 Cal. 422 [17 P. 539, 7 Am.St.Rep. 180]; *Lubbock* v. *McMann*, 82 Cal. 226 [22 P. 1145, 16 Am.St. Rep. 108]; *In re Allen*, 78 Cal. 293 [20 P. 679].) The distinction between these cases and the case of a single building is obvious. Under the express terms of the statute the homestead 'consists of the dwelling-house in which the claimant resides and the land on which the same is situated.' While this definition may include not only the land on which the dwelling-house stands, and of which it has become a part, but also such other land as may be necessary to its convenient use and occupation, it does not, when fairly construed with a view to the objects of the homestead law, include such other land as has resting thereon, as a part thereof, a building or buildings devoted to other purposes than those of a family home.'' *Estate of Nelson, supra,* 224 Cal.App.2d 138 at p. 145 is urged as determinative of the same issue before us. In that case, the property was of a single structure nature, and not multiple buildings; a close reading of *Nelson, supra* (and *Estate of Levy, supra,* upon which it relies) establishes that it is not authority for the problem before this court. In *Estate of Moskowitz,* 247 Cal.App.2d 499 [55 Cal.Rptr. 572], the court determined that it was not an abuse of discretion for the homestead (in separate property of decedent) to be set apart in less than the whole of the property where a four-unit apartment was involved. This case is not authority supporting either party to the instant action except as to the fact that the extent of the homestead estate imposed upon separate property of decedent is discretionary. The case of *Estate of Roberts,* 27 Cal.2d 70 [162 P.2d 461] is cited as dispositive of the issue favorable to the setting aside of the homestead in the instant case. In that case the court did not determine the issue, for,

as it stated on page 73: "On October 10, 1934, the probate court set aside out of community property, as a probate homestead for the widow, a lot on which were located seven bungalows, six of them rented. The validity of this order was contested in a proceeding between the parties under sections 1080-1082 of the Probate Code to determine heirship. The judgment in that proceeding, *which became final,* held that the order setting aside the homestead was valid; . . ." [Italics ours.]

The analysis above is in a desire that this case not be cited as authority for that which we do not intend to express. As we have pointed out, the case authority appears to conflict with the homestead as set aside in the case before us. We affirm, however, the discretion exercised by the trial judge for the same reason that he undoubtedly exercised it, and that is, with all of the interested parties before him, they effectively stipulated that the property was not divisible. ■ The parties are bound by their stipulation of fact, and cannot be heard on appeal to negate that which had been agreed upon, and upon which the trial judge rightfully relied.

■ The second issue is the term for which a homestead may be granted in the separate property of decedent. This is discretionary with the trial court, and in the absence of an abuse of discretion, will not be upset on appeal. We concur with the trial judge that, considering the age of the surviving spouse (55), the length of the marriage (27 years), the limited earning capacity of the surviving spouse, and her other assets, the maximum period of allowable homestead (her lifetime) was reasonable.

■ The third issue is whether the will of decedent excludes the homestead right. It is not necessary to set forth the will at length. The will left to the surviving widow, "being well-provided for by reason of joint tenancy property . . . all of the automobiles, furniture, household equipment, personal belongings of whatsoever kind and nature, as well as all of the money in my commercial bank account," and the major portion of the estate assets were bequeathed to decedent's relatives. One paragraph necessarily must be herein set forth. Paragraph "NINTH" of the will provides:

"In the event my wife, EVA SCHMELZ, shall desire the real property known as 8441 Otis Street, South Gate, California, she shall have the right to trade and/or exchange said real property for the real property known as 6352-4-6-8 Benson

Street, Huntington Park, California, for equal value. She shall assert such desire within thirty days after expiration of Notice to Creditors.'' It is argued that since no such assertion of desire was made by the widow, she cannot defeat the clear intent of the testator by subsequent imposition of a homestead. Though there may be options given to the widow, they do not, in the instant case, require an election, and they do not limit in any way the widow's statutory right to seek a homestead.[3]

Suffice it to say that a widow's claim to a family probate homestead is strongly favored. (*Estate of Kachigian, supra,* 20 Cal.2d 787.)

In *Estate of Claussenius,* 96 Cal.App.2d 600, 611-612 [216 P.2d 485], it is said: ''If the probate homestead may be carved out of the estate of the decedent (*Robson* v. *Meder,* 66 Cal.App.2d 47, 49 [151 P.2d 662]) and if it cannot be defeated by an act of a testator (*Estate of Ettlinger,* 56 Cal. App.2d 603, 606 [132 P.2d 895]) then it cannot be defeated by the heirs of that decedent.'' We conclude that the case before us does not require any action of selection by the surviving spouse, and the effect of her failure to make the exchange authorized by the will does not circumscribe other statutorily authorized petitions by her (e.g., petition for the probate homestead). That this subsequent request by the surviving spouse may affect anticipated interests of other heirs does not make her right less meritorious.

The fourth issue is whether petitioner was estopped from claiming a homestead. The delay (some three years and eight months after decedent's death, and nearly two years after the filing of the petition for heirship) in filing such petition for homestead likewise did not amount to a loss of such right. The interests of the various heirs did not change either by virtue of the heirship proceedings or the lapse of time from commencement of probate to the petition for homestead.[4] The appellant contends that the surviving spouse is estopped to claim a homestead once the heirship petition is determined, citing *Bodine* v. *Superior Court,* 209 Cal.App.2d

---

[3]See *Estate of Alba,* 238 Cal.App.2d 618 [48 Cal.Rptr. 100] for a discussion of cases which have considered this issue. Each such case turns on its own facts.

[4]*In the Matter of the Estate of Wixom,* 35 Cal. 320, 324: ''The effect of the one hundred and twenty-first section, so far as the question in hand is concerned, is merely to set the homestead apart and withdraw it from the assets of the estate, and not to direct the course of the title to it. (*Estate of Orr,* 29 Cal. 101.)''

354 [26 Cal.Rptr. 260] and *Estate of Clarke,* 66 Cal.2d 142 [56 Cal.Rptr. 897, 424 P.2d 337]. The heirship petition determination is ''binding on the whole world'' once it becomes final *(Bodine* v. *Superior Court, supra),* but this does not circumscribe the probate court from imposing liens or other burdens on distributive property. The court found it to be decedent's separate property. With this determination there was no disagreement, and the determination became final. It was important to the heirs to have the status of the property determined, and it was imperative that the probate court knew the status at the time it considered the term of any homestead. There was then no change of position justifying an estoppel to petition for homestead on the part of any heir here. The homestead, being a statutory right for the benefit of the surviving members of the famliy, may be sought at any time prior to the order of distribution of the estate. *(In re Still,* 117 Cal. 509, 513 [49 P. 463].) We observe no reason to treat the right to homestead differently where the petition is before the heirship proceeding, as in *Estate of Roberts, supra,* 27 Cal.2d 70, or following the heirship determination. Certainly the need of the surviving spouse remains the same in either event, and it is this need that the Legislature has seen fit to protect to the fullest possible extent.

The order setting apart the homestead is affirmed.

Kaus, P. J., and Hufstedler, J., concurred.