[Civ. No. 16292. Second Dist., Div. One. June 17, 1948.]

Estate of LUCILE GOINS DAVIS, Deceased. ALICE MARIA GOINS JOSEPH, Appellant, v. CLIFTON E. DAVIS, Respondent.

Chas. S. Darden and J. R. Wilder for Appellant.

No appearance for Respondent.

DORAN, J.—The record discloses that Lucile Goins Davis died testate on February 28, 1944, leaving a surviving husband, Clifton E. Davis, and a daughter by a previous marriage, appellant herein. The appeal questions the validity of orders and judgments setting apart a probate homestead for the benefit of the husband, and assigning to said husband certain exempt, community, personal property. After decedent's death

the daughter, at the age of 19, married and thus attained majority. The surviving husband likewise married and occupied the homestead property. By a testament dated January 26, 1944, deceased willed ''my one-half of the community personal property and my one-half of the community real property'' to the daughter, Alice Maria Goins Joseph. The order assigning the community personal property to the husband was made conditional upon payment by the husband to the daughter of $320 expended by the daughter as costs of administration.

It is contended in appellant's brief that the deceased had a right to make a will disposing of one half of the community property; that upon death the title to such property, under the provisions of section 300 of the Probate Code, immediately ''passes to the person to whom it is devised or bequeathed by his last will'' subject to administration by the probate court. In view of this fact, appellant insists that the probate court was ''without power to adjudicate title to property'' contrary to the provisions of the decedent's will by setting apart the homestead and assigning the exempt personal property to the surviving husband.

Section 300 of the Probate Code provides that notwithstanding devises and bequests contained in a will, ''all of his property shall be subject to the . . . control of the superior court for the purposes of administration, sale or other disposition under the provisions of division III of this code, and shall be chargeable with the expenses of administering his estate, and the payment of his debts and to allowance to the family, except as otherwise provided in this code.''

Sections 660 et seq., of the Probate Code, not referred to in appellant's brief, appear to justify the action of the trial court in respect to the orders made in favor of the surviving husband. Under the provisions of section 660 ''the court, on petition therefor, may in its discretion set apart to the surviving spouse . . . all or any part of the property of the decedent exempt from execution.'' Section 661 provides that if no homestead has been selected prior to the decedent's death, the probate court ''must select, designate and set apart and cause to be recorded a homestead for the use of the surviving spouse and the minor children . . . out of the community property . . . or if there be no community property and no such property owned in common, then out of the separate property of the decedent.'' If the property

is separate property the court can only set it apart for a limited period not more than the lifetime of the surviving spouse; in the case of community property there is no such limitation.

In the language of 11a California Jurisprudence, page 609, "The property of a decedent goes to his heirs or devisees subject to the administration of his estate, one of the objects of which is the setting apart of a homestead to the family." In the *Estate of Kennedy,* 157 Cal. 517, 522 [108 P. 280, 29 L.R.A.N.S. 428] the court states: "It is thoroughly settled that as was said in *Sulzberger* v. *Sulzberger,* 50 Cal. 385, 'the power of testamentary disposition, as conferred and defined by the statute, is not paramount, but is subordinate to the authority conferred upon the probate court to appropriate the property for the support of the family of the testator, and for a homestead . . . as well as for the payment of debts.' And to the extent that this power is exercised by the probate court in any estate, the devisees and legatees take no beneficial interest at all. Although real property be specifically devised by a will, the probate court may set apart such property as a homestead to the family and thus defeat the devise." See also *Estate of Gray,* 159 Cal. 159 [112 P. 890].

The instant case presents the situation of a married woman willing to a daughter by a previous marriage, the wife's interest in community real and personal property. This disposition of community property was clearly subject to the right of the surviving husband to have the same set apart as a probate homestead and under the code sections relating to exempt personal property.

The orders and judgments complained of are affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied July 1, 1948, and appellant's petition for a hearing by the Supreme Court was denied August 12, 1948.