[Civ. No. 21297. First Dist., Div. Three. Nov. 19, 1963.]

Estate of WILLIAM C. BONNER, Deceased. EUNICE BONNER, Petitioner and Respondent, v. LILLIE M. BONNER, Objector and Appellant.

Harold M. Fagin for Objector and Appellant.

Edises, Grossman & Grogan and Estella W. Dooley for Petitioner and Respondent.

DRAPER, P. J.—Decedent's divorced wife, Lillie, appeals from order setting apart probate homestead in fee to the surviving widow Eunice.

Lillie was divorced from decedent in April 1954. The property here in issue was acquired by deed to him dated in June 1954. He married Eunice in February 1958, and died in April 1961.

After the inventory was filed, Eunice petitioned for the setting aside of a home in Oakland to herself and David Bonner, decedent's minor son by Lillie. Lillie filed an affidavit praying denial of the petition. She alleged that: decedent had failed to pay her child support as ordered in the divorce proceeding; $5,687 was due under that order; and the home had been sold to her under writ of execution therefor. Although the affidavit did not so allege, she had in fact filed a creditor's claim for $5,685 against the estate.

Lillie's affidavit explained that she would be unable to appear at hearing on the homestead petition. No evidence was taken at that hearing. Eunice's attorney stated to the court that ''the property is separate and community.'' The order setting apart the homestead recited that the property is community, set it aside in fee to Eunice, and failed to mention David, the minor child.

The order concededly is erroneous in going beyond the prayer of the petition by awarding the homestead to Eunice alone, rather than to Eunice and David. We need not determine whether this error could be corrected by modification

428

of the order here, since another error requires reversal and remand.

The evidence does not sustain the finding that the property is wholly community in character. The certified copies of the documents filed with Lillie's affidavit established a prima facie case for at least some separate interest of decedent. Although Lillie's principal claim was that she had acquired title at execution sale ( a claim she does not urge here) she did allege facts placing in issue its community or separate character. Eunice's petition had originally alleged the land to be community property of herself and decedent, but these words were erased, and the statement that Eunice had "a community interest" was typed over them. The only other "evidence" was the unsworn statement of Eunice's attorney that "the property is separate and community."

Thus there is no evidence that the home was wholly community property of Eunice and decedent. "If the property set apart is the separate property of the decedent, the court can set it apart only for a limited period" not beyond the lifetime of the surviving spouse or the minority of the minor child (Prob. Code, § 661). It follows that the order vesting the land in Eunice in fee is unsupported.

But we cannot accede to Lillie's request that we settle the issue here by limiting the homestead period. The record indicates some separate property interest in decedent, but does not even suggest its extent. Moreover, the probate court must exercise discretion in fixing the duration of the homestead, if the property be separate. (*Estate of Barkley*, 91 Cal.App. 388, 393 [267 P. 148].)

Eunice contends that Lillie has abandoned her claim of title under execution sale, does not purport to represent her minor son, and thus shows no right to oppose the homestead petition. But she did show that she is a creditor of the estate. As such, she has standing to oppose the petition (see *Estate of Adams*, 128 Cal. 380 [57 P. 569, 60 P. 965]).

Order reversed.

Salsman, J., and Devine, J., concurred.