[Civ. No. 28054. Second Dist., Div. One. June 30, 1964.]

Estate of JOHN C. ADAMS, Deceased. EDNA ANN ADAMS, Petitioner and Appellant, v. JOHN C. ADAMS, JR., as Executor, etc., Contestant and Respondent.

Frank R. Crandall for Petitioner and Appellant.

Crawford, Schwartz, Wood & Otero and Jack A. Otero for Contestant and Respondent.

FOURT, J.—This is an appeal by Edna Ann Adams, wife of decedent [hereinafter referred to as "Wife"] from an order setting apart homestead[1] and the corrected order set-

[1] The order provides in pertinent part as follows: "The petition of Edna A. Adams, praying that the real property owned by the Decedent be set apart as a homestead for said petitioner ... the Court finds ... *that the real property set forth in said petition is the separate property of the Decedent and that the petitioner should be granted a homestead in said real property during her lifetime, with the remainder after her death passing according to Decedent's Last Will and Testament.*

"It is, therefore, ordered that the same be, and is hereby set apart and assigned for the *lifetime of the Petitioner, namely, Edna A. Adams,*

ting apart homestead.[2] The substance of Wife's position is that the trial court erred in giving her a life estate instead of a fee in the probate homestead of the subject real property.

A résumé of some of the facts is as follows:

An "Agreed Statement of Facts for Hearing on Petition to Set Aside House . . . In Fee to Surviving Widow" filed in the court below sets forth the following facts in pertinent part:

Wife and decedent were married on July 28, 1943, in Santa Barbara, California. In March of 1949, they purchased "as joint tenants the house and lot at 22 West Los Olivos Street in Santa Barbara . . . and resided there until the petitioner herein [i.e. Wife] filed her separate maintenance action against the decedent in February of 1961."

On February 23, 1961, Wife "filed her separate maintenance action against the decedent . . . wherein petitioner [i.e., Wife] alleged that the Los Olivos Street property was owned by the parties as joint tenants. Thereafter, the decedent filed his answer in said separate maintenance action admitting that said Los Olivos Street property was owned by him and the petitioner as joint tenants. Thereafter, the decedent on March 29, 1961, executed the Will which has been admitted to probate . . . and on or about the same day, the decedent conveyed his undivided one-half interest in the . . . property to JOHN ADAMS, JR. and on or about the same day, said JOHN ADAMS, JR. conveyed said one-half interest in the . . . property back to the decedent." There was no consideration for the transfer. From on or about March 29, 1961, Wife "and decedent owned said property . . . in common until the date of decedent's death on February 13, 1962." The Wife

---

for the use of said Edna A. Adams during said period, and that, subject to said homestead right, said real property is vested in the devisees of the Last Will and Testament of said decedent, subject to administration herein.

"Said real property is described as follows:

"All that real property located . . . . . . . . . . . . . . . . . . " (Italics added.)

[2] The corrected order provides in pertinent part as follows:

"WHEREAS, an order setting apart homestead was filed on the 10th day of September, 1963, and

"WHEREAS, said order appeared to encompass a greater amount of property than was intended, and

"WHEREAS, the Court desires to correct said order,

"Now THEREFORE, the corrected order setting apart homestead is as follows:

"An undivided one-half interest in and to the following described real property: ' . . . . . . . . . . . . . . . . . . . . . . . [description].' '' (Italics added.)

has "continuously resided on said real property . . . from the time said property was purchased . . . in March of 1949, until the present time." The decedent had "moved out of said real property at or about the time petitioner filed her separate maintenance action in February of 1961 and from that time until his death . . . he resided with his son in the City of Santa Barbara."

The trial court determined that decedent's undivided one-half interest was his separate property. It is clear that the joint tenancy of Wife and decedent was broken by decedent's deed of his interest to his son and the son's reconveyance to decedent. Thereafter, the property was owned by Wife and decedent as tenants in common. (*Palmer* v. *Palmer*, 49 Cal.App.2d 331 [121 P.2d 822].) Where wife and decedent own property as tenants in common, decedent's undivided interest in the property is his separate property. (*Estate of Maxwell*, 7 Cal.App.2d 641 [46 P.2d 777].)

Wife, in her reply brief, questions how respondent can argue that " 'the property set apart is the separate property of decedent' when half of it was the separate property of appellant and half of it was separate property of decedent." The simple answer is that, as disclosed by the corrected order, the probate homestead was solely concerned with decedent's undivided one-half interest. Clearly the trial court did not divest Wife of her fee title to her undivided one-half interest.

The mandate of Probate Code, section 661, is clear. "If the property set apart is the *separate property of the decedent,* the court can set it apart only for a limited period, to be designated in the order, *and in no case beyond the lifetime of the surviving spouse. . . .*" (Italics added.) (See *Estate of Cesare,* 130 Cal.App.2d 557 [279 P.2d 607]; *Estate of Ronayne,* 104 Cal.App.2d 53 [231 P.2d 105]; *Estate of Rogoff,* 205 Cal.App.2d 650 [23 Cal.Rptr. 334]; *Estate of Bonner,* 222 Cal.App.2d 426 [35 Cal.Rptr. 264].)

The orders are and each of them is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied July 23, 1964, and appellant's petition for a hearing by the Supreme Court was denied August 27, 1964.