[Civ. No. 30392. Second Dist., Div. One. Dec. 28, 1966.]

Estate of BEN Z. MOSKOWITZ, Deceased. MAGDOLNA G. MOSKOWITZ, Petitioner and Appellant, v. AL J. MORSE, as Executor, etc., Objector and Respondent.

Diamond, Tilem & Colden and Joseph N. Tilem for Petitioner and Appellant.

. Baum & Aran and Robert M. Aran for Objector and Respondent.

WOOD, P. J.—Petitioner Magdolna G. Moskowitz married Ben Z. Moskowitz (decedent) about one year prior to his death. During the marriage, they lived in an apartment in a 4-unit apartment building which was the separate property of Mr. Moskowitz, and the other apartments were rented. No homestead had been set apart in said property, or in any part thereof, at the time of his death. Mr. Moskowitz was survived by petitioner and two adult sons and an adult daughter. The son, respondent Al J. Morse herein, was appointed executor of Mr. Moskowitz's will. Petitioner instituted the present proceeding for an order setting apart the entire apartment building as a probate homestead (Prob. Code, § 661 et seq.). The court ordered that an undivided one-fourth interest in the building be set apart and vest in petitioner for a period of eight years, or until petitioner's death, whichever first occurs. Petitioner appeals from the order. (Prob. Code, § 1240.)

Appellant contends that the court was required to set apart the entire apartment building as a probate homestead, and could not set apart an undivided fractional interest therein without the exclusive right to possession of the entire building or of a part thereof.

At the time of his death, Mr. Moskowitz was 81 years of age and Magdolna (petitioner) was 54. They had been married approximately one year, during which time they had lived in an apartment in a 4-unit apartment building which was decedent's separate property. While they lived there, the other three apartments were rented for a total amount of $250 per month. (Decedent's son rented an apartment for $85 per month, decedent's daughter rented an apartment for $65 per month, and another person rented an apartment for $100 per month.)

Decedent's will (which was admitted to probate) provides in substance that his estate be divided in four equal parts among Magdolna and his three children; that Magdolna receive $3,000 cash; that at Magdolna's request, decedent has transferred a $5,000 bank account to her name during the marriage; that Magdolna shall have the apartment and its furnishings free from expense until she is eligible to receive Social Security benefits, and if the (apartment) building is sold, she shall receive $65 per month until eligible for Social Security benefits.

At a hearing of Magdolna's petition to set apart a home-, stead, there was evidence that since decedent's death Magdolna has been, and is, receiving a family allowance of $350 per month; the estate receives rent of $250 from three apartments in the building (Magdolna occupies the other apartment rent free); there is a $3,000 mortgage on the building property, with payments of $85 per month payable thereon; there is a $2,000 mortgage on a duplex which decedent owned in Desert Hot Springs, with payments of $55 per month payable thereon; the rental income received from said real property ($250 from building, no amount stated from duplex) is the only income which the estate receives, other than income from savings deposits held by decedent;[1] and said rental income is applied to the mortgage payments, to the taxes and maintenance expenses on the real property, and to the expenses of administration, including the payment of said family allowance to Magdolna. (The record herein does not include the inventory and appraisement, creditors' claims [if any], or reference to the amount of the expenses of administration other than as above mentioned.) There are no findings. (Finding were waived.)

As above stated, appellant contends that the court was required to set apart the entire apartment building as a probate homestead, and could not set aside an undivided fractional interest therein without the exclusive right to possession of the entire building or of a part thereof.

The principal case relied upon by appellant (*Estate of Nelson*, 224 Cal.App.2d 138 [36 Cal.Rptr. 352]) is distinguishable factually from the present case. In the cited case, a 30-unit apartment house, which was the community property of the decedent and his surviving spouse, was set apart as a probate homestead. In that case there had been a premarital agreement which had been induced by fraud, and the surviving spouse was the sole beneficiary under the will. The court stated (p. 144) that there were no creditors of the estate affected by the probate homestead (other than one claim which had been denied) and also said (p. 144): "In selecting a probate homestead, the probate court has wide discretion and its order will not be disturbed unless there has been an abuse of such discretion. [Citation.] While there is no absolute rule to control the court in the selection of a homestead, yet it should consider, in the exercise of its judgment, the

---

[1] There is specific reference to three accounts totaling $17,000.

rights of creditors, the estate's financial status and the value of the homestead."

■ In the present case, the financial status of the estate is such that there are substantial expenses including expenses for the taxes, mortgage payments, and maintenance of the homestead property, as well as the petitioner's family allowance. Such expenses are to be paid from the rental income derived from a portion of the property sought to be set apart as a homestead. The undvided one-fourth interest set apart as a homestead in practical effect provides the petitioner with the apartment in which she lived with the decedent during their one-year marriage. Under a provision of the will, the apartment in which they had lived is given to her free from expense until she is eligible for Social Security benefits (presumably at age 62, or within eight years). Section 661 of the Probate Code provides that where the homestead is set apart from the separate property of the decedent it must be set apart only for a limited period not beyond the lifetime of the surviving spouse (the herein homestead is limited to eight years). Under the circumstances, it was not an abuse of discretion to set apart a homestead, from decedent's separate property, consisting of an undivided one-fourth interest in the 4-unit apartment building for eight years. The court was not required to grant petitioner the exclusive possession of the entire building or of any part thereof. (See *Estate of Kachigian,* 20 Cal.2d 787 [128 P.2d 865]; 2 Condee, Cal. Probate Practice, § 917, p. 9; Civ. Code, § 1238.)

The order is affirmed.

Fourt, J., and Lillie, J., concurred.