[Civ. No. 53850. First Dist., Div. One. July 7, 1982.]

Estate of JOHN W. MURRAY, Deceased.
DOROTHY E. MURRAY, Petitioner and Respondent, v.
DONNA GERMAN, as Executrix, etc., Objector and Appellant.

COUNSEL

Steven C. Neustadter for Objector and Appellant.

Dennis P. Keegan and Murphy, Brownscombe, Keegan & Kenney for Petitioner and Respondent.

OPINION

RACANELLI, P. J.—In this appeal we must decide whether a probate homestead in community property set aside to the surviving spouse should have been limited to a life estate. ▮ We conclude that by virtue of a recent statutory amendment, the homestead should have been so limited. We reverse with directions.

## FACTS

Decedent and respondent were married January 21, 1961. In 1972, during their marriage, they purchased a single-family home at 1706 El Camino Way, Santa Rosa, taking title in joint tenancy. They lived together in that house until June 13, 1979, when respondent moved out. The decedent continued to live in the house until his death on April 3, 1980.

On August 10, 1979, respondent filed a petition for dissolution of the marriage listing the house at 1706 El Camino Way as community property. The decedent's responsive declaration also alleged the house as property to be divided by the court. Thereafter, the court issued a standard restraining order enjoining the parties from disposing of any of the community assets.

On April 2, 1980, the decedent participated in a "straw man" transaction terminating the joint tenancy by exchanging quitclaim deeds with appellant, his daughter. That same day, the decedent executed his last will leaving his entire estate to appellant; decedent died the following day. No interlocutory decree for dissolution of marriage had been entered.

Upon initiation of probate proceedings, appellant was appointed executrix of the decedent's will. Respondent thereafter petitioned the probate court to set apart a probate homestead for her in the house which she and the decedent had shared during their marriage. The probate court granted the petition and set apart a probate homestead for respondent *in fee*. Appellant then moved to set aside the order on the ground that a statutory amendment, effective January 1, 1981, limited the duration of a probate homestead to a life estate for the life of the surviving spouse. (Prob. Code, § 661, *infra.*) Following denial of the motion, this appeal ensued.

## DISCUSSION

The Probate Code provides a procedure for setting apart from the estate a "homestead," i.e., a dwelling house, for the surviving spouse and children. (Prob. Code, § 660 et seq.) The purpose is to protect the family unit against claims of creditors and rights of heirs and legatees. (See *Taylor* v. *Madigan* (1975) 53 Cal.App.3d 943, 968 [126 Cal.Rptr.

376].)[1] In selecting the property to be set aside for the homestead, the court must give first preference to community property. (Prob. Code, § 661; see *Estate of Davis* (1948) 86 Cal.App.2d 263, 265 [194 P.2d 713].) The surviving spouse is entitled to a homestead in the community property even where the decedent disposed of his half-interest in the community property by will. (*Estate of Davis, supra.*)[2] If there is no community property, then the homestead is selected from the decedent's separate property. (Prob. Code, § 661; see generally 7 Witkin, Summary of Cal. Law (8th ed. 1974) Wills and Probate, §§ 512-516, pp. 5931-5935.)

Until 1981, Probate Code section 661 limited the duration of a homestead on the decedent's separate property. (*Estate of Bonner* (1963) 222 Cal.App.2d 426 [35 Cal.Rptr. 264].) Prior to the 1981 amendment, Probate Code section 661 provided, in pertinent part: "If the property set apart is the separate property of the decedent the court can set it apart only for a limited period, to be designated in the order, and in no case beyond the lifetime of the surviving spouse, . . ." In contrast, a homestead on community property could be made in fee. (*Estate of Rogoff* (1962) 205 Cal.App.2d 650, 651 [23 Cal.Rptr. 334]; *Estate of Cesare* (1955) 130 Cal.App.2d 557, 569 [279 P.2d 607].)[3]

Effective January 1, 1981, section 661 was amended to make the limited duration of the homestead applicable to *all* property set aside—

---

[1]The statutory provisions were formerly mandatory: the probate court was obligated to designate and set apart a probate homestead even if it swallowed up the entire estate. (*Estate of Alba* (1965) 238 Cal.App.2d 618, 621 [48 Cal.Rptr. 100].) Effective January 1, 1981, however, the provisions were made discretionary. (Prob. Code, § 660.)

[2]Since the surviving spouse already owns an undivided one-half interest in the community property, the probate homestead is imposed only upon the decedent's undivided one-half interest. (*Estate of Vannucci* (1980) 103 Cal.App.3d 175, 180-181, fn. 1 [163 Cal.Rptr. 11].)

[3]The decedent's interest in property held by the decedent and his spouse as tenants-in-common is the decedent's separate property (Civ. Code., § 5104; *Estate of Adams* (1964) 228 Cal.App.2d 264, 266 [39 Cal.Rptr. 522]). Thus, a family home taken in joint tenancy but later converted to tenancy-in-common is separate property to be set apart for a limited period. (*Estate of Adams, supra; Estate of Alba, supra*, 238 Cal. App.2d 618.) Property held by the decedent and his spouse in *joint tenancy*, however, is inappropriate for setting aside a homestead. Joint tenancy property is not part of the estate; thus it cannot be "set apart." (*Estate of Schmelz* (1968) 259 Cal.App.2d 440, 443-444 [66 Cal.Rptr. 480].) The probate court concluded the property here, although held in joint tenancy, was community property and the decedent's attempt to convert the form of title to tenancy-in-common was ineffective. (*Estate of Baglione* (1966) 65 Cal.2d 192, 195 [53 Cal.Rptr. 139, 417 P.2d 683].)

whether community or separate: "The property set apart as a homestead shall be set apart only for a limited period, to be designated in the order, and in no case beyond the lifetime of the surviving spouse, or, as to a child, beyond its minority." The Legislature declared this amendment applicable to homesteads set apart *after* January 1, 1981. "A homestead set apart by order of the court *prior to the effective date of this act* pursuant to Sections 660 through 668, inclusive, of the Probate Code remains vested as provided therein...." (Italics added.) (Stats. 1980, ch. 119, § 22, subd. (b).)

In the case at bench, the order of the probate court setting apart the house as a homestead for respondent was actually made and entered on March 16, 1981, *after* the effective date of the amendment.[4] A probate homestead is not a vested right of the surviving spouse and is created only by the probate court's order granting the homestead. (*Estate of Blair* (1954) 42 Cal.2d 728, 733 [269 P.2d 612].) Consequently, we conclude that the probate homestead had not vested at the time of the statutory change, and the new provisions for a limited duration relating to both community and separate property applied. Thus, the probate court erred in granting respondent a *fee* interest in the house.

We note that in fixing the duration of a probate homestead, the probate court should ordinarily take into account a variety of factors (e.g., *Estate of Moskowitz* (1966) 247 Cal.App.2d 499 [55 Cal.Rptr. 572] [no abuse of discretion to set aside homestead for eight years to widow who had married decedent, age 81, one year before his death]; *Estate of Schmelz, supra*, 259 Cal.App.2d 440, 446 [no abuse of discretion to set aside homestead for widow's lifetime considering her age (55), length of marriage (27 years) and her limited earning capacity and assets].) Here, appellant does not quarrel with respondent's entitlement to a *life estate* in the house. Accordingly, in the interest of judicial economy, no reason exists to remand for a redetermination of the period of the homestead. We direct the probate court to modify the order to limit respondent's interest to a life estate.

In view of our determination, we need not reach the remaining issue raised by appellant.

---

[4]The matter was argued in October 1980, with supplemental briefs submitted in November 1980. On February 18, 1981, the probate court filed its intended decision to grant the petition and set apart the probate homestead. Findings of fact and conclusions of law were issued and a final order entered on March 16, 1981.

The order is reversed and the matter is remanded with instructions to enter an order granting respondent a life estate in the probate homestead. The parties shall bear their respective costs on appeal.

Elkington, J., and Bancroft, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.