Filed 11/28/22 Estate of Sanchez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Estate of FRANK J. SANCHEZ, Deceased. | H048814 (Santa Clara County Super. Ct. No. 16PR178756) |
| CAROLINE SANCHEZ, Petitioner and Respondent, v. LESLIE ANN PERALTA, Objector and Appellant. | **ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING** **NO CHANGE IN JUDGMENT** |

The appellant's petition for rehearing is denied. The court orders that the opinion filed October 31, 2022, be modified as follows:

On page 1, first paragraph, first sentence, the decedent's name is changed to Frank J. Sanchez, so that the sentence reads:

Decedent Frank J. Sanchez left his estate, containing his interest in a community property residence owned with his wife, respondent Caroline Sanchez, to his three children, including appellant Leslie Ann Peralta.

There is no change in the judgment.

_____
Greenwood, P. J.

_____
Lie, J.

_____
Wilson, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Estate of FRANK J. SANCHEZ, Deceased. | H048814 (Santa Clara County Super. Ct. No. 16PR178756) |
| CAROLINE SANCHEZ, Petitioner and Respondent, v. LESLIE ANN PERALTA, Objector and Appellant. | |

Decedent Frank J. Peralta left his estate, containing his interest in a community property residence owned with his wife, respondent Caroline Sanchez, to his three children, including appellant Leslie Ann Peralta. After Leslie petitioned to probate Frank's will, Caroline,[1] who was 87 years old at the time, requested to select and set apart a probate homestead, pursuant to Probate Code section 6520 et seq., so that she could remain in the residence for the remainder of her life. Over Leslie's objection, the probate court granted Caroline's petition. Leslie appealed. Finding no error, we affirm the probate court's order.

---

[1] As several of the people involved share the same last name, we refer to the parties by their first names for clarity.

## I. Factual and Procedural Background[2]

Leslie's father, Frank, passed away in April 2016. She became the executor and personal representative of his estate. Caroline is Frank's surviving spouse. In his will, Frank confirmed Caroline's interest in their community and quasi-community property, and bequeathed all of his separate property, as well as his one-half interest in the community and quasi-community property, to his children, including Leslie, explicitly disinheriting Caroline.

Relevant to this appeal,[3] in January 2017, Leslie filed a complaint against Caroline and several other defendants for partition by sale of real property in San Jose that was owned in part by Frank's estate, alleging that Caroline owed "substantial amounts of money" to Frank's estate, such that Leslie wanted to use the sale proceeds to satisfy Caroline's alleged debt. Caroline also owned an interest in the property.

---

[2] Leslie's January 4, 2022 request for judicial notice is denied, as the documents were either not part of the record before the trial court when it issued the relevant order, are included in other portions of the record, or can be considered by this court without taking judicial notice. On its own motion, the court takes judicial notice of Leslie's amended notice designating the record in this appeal, filed February 16, 2021, a filed copy of which is attached to her request for judicial notice, but not explicitly included in her request. Leslie's September 14, 2022 first supplemental motion to augment the record is denied as it was filed after the case was fully briefed and had been taken under submission by this court and Leslie provided no explanation for the delay. (*People v. Preslie* (1977) 70 Cal.App.3d 486, 492; see also *Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 827, fn. 1 (*Regents*).) Having considered Leslie's objections to Caroline's June 20, 2022 request for judicial notice, that request is granted in part. This court will take judicial notice of Exhibits A-G and I-K attached to the request.

[3] We denied Leslie's request to consolidate the instant appeal with appeal numbers H045037, H045974 and H046499, which were being considered together for purposes of briefing, oral arguments and disposition. Appeal No. H045974 has since been dismissed, and appeal No. H046499 has been transferred to the trial court's appellate division. We will only discuss these appeals as relevant to the instant proceeding. On its own motion, this court took judicial notice of the record filed in these appeals, each of which arises from the same probate court proceeding as the instant appeal.

Leslie filed the inventory and appraisal required by Probate Code section 8800 et seq. on February 1, 2017.[4] Shortly thereafter, Caroline filed a petition for a probate homestead, which is not part of the record, either as designated by Leslie, or as extended by this court's orders taking judicial notice. Leslie opposed the petition, alleging that Caroline stole from Frank throughout the marriage, and arguing that Caroline had "little to no equity in the subject property," facts Leslie stated she intended to prove "at trial in the currently pending action for Partition by Sale of Real Property. . ." she filed in January 2017.[5] Leslie further alleged that Frank's estate owned "at least 87.5% of the equity" in the property due to his separate property contributions, as well as alleged theft and fraud committed by Caroline.

Caroline amended her petition in March 2017 to ask the probate court to set apart Frank's one-half interest in the community residence, as well as certain personal property contained therein, as a probate homestead for her lifetime, as Frank's surviving spouse. Caroline declared that she was married to Frank for more than 36 years, and was married to him at the time of his death. The residence had been her home since she purchased it in 1984. She had limited income as she was 87 years old and had been retired for many years. Caroline stated that she would not be able to afford a replacement home if she was forced to leave the residence. She further indicated that she was in poor health, requiring several visits to the emergency room since Frank became hospitalized and later passed away. Thus, she asked the probate court to set apart Frank's interest in the home as a homestead for the remainder of her life, noting that the probate court had previously confirmed to Caroline her community interest in the home.

---

[4] Undesignated statutory references are to the Probate Code unless otherwise indicated.

[5] In May 2017, the trial court granted Caroline's motion to strike the complaint with leave to amend. Appeal number H045037 seeks review of that order.

3

Leslie opposed Caroline's amended petition, claiming that Frank's interest in the community residence passed to his children upon his death, as Frank disinherited Caroline, and allowing Caroline to remain in possession of the property would violate the children's constitutional rights. Leslie further alleged that Caroline filed a civil action in 2017, after she was evicted from the residence by Leslie for failure to pay rent. Leslie contended that the trial court in that action determined that Caroline had not proven her claims, such that the beneficiaries of Frank's estate prevailed. Based on that result, Leslie argued that she should be allowed to dispose of the residence by sale through the pending partition action. Leslie objected to the trial court's repeated extensions of Caroline's temporary possession of the home under section 6500, as she interpreted that statute to allow Caroline to possess the home for only 60 days after Leslie filed an inventory and appraisal in February 2017.[6] Leslie further argued that the stay authorized by Code of Civil Procedure section 916 precluded any further extensions pending resolution of an appeal she filed on September 27, 2017.[7]

Prior to the hearing in November 2018, the probate court repeatedly allowed Caroline to remain in the home in six-month increments. The last of these temporary orders expired on November 2, 2018, although it specified that the "status quo be maintained" until the next hearing.

---

[6] "Until the inventory is filed and for a period of 60 days thereafter, or for such other period as may be ordered by the court for good cause on petition therefor, the decedent's surviving spouse and minor children are entitled to remain in possession of the family dwelling, the wearing apparel of the family, the household furniture, and the other property of the decedent exempt from enforcement of a money judgment." (§ 6500.)

[7] The notice of appeal filed September 27, 2017, was assigned appeal number H045804, and was dismissed by this court on June 22, 2018, for failure to timely procure the record on appeal. In that appeal, Leslie sought review of the trial court's August 2017 order setting apart Frank's interest as a homestead for Caroline for six months. On its own motion, this court takes judicial notice of the docket in appeal number H045804.

At the November 14, 2018 hearing on Caroline's petition, the probate court considered the pleadings submitted by the parties and heard oral argument.[8]  The court overruled Leslie's objection that the court lacked jurisdiction based on the appeal pending in case number H045037, as the court "did not find any appeal pending."  The court granted the probate homestead for Caroline's life.  It ordered that Caroline could not access the home's equity or reverse mortgage without a court order.  Leslie filed a notice of appeal.

## II. DISCUSSION

### A. General Legal Principles

The Probate Code allows for the protection of a decedent's surviving spouse and minor children through a procedure giving the probate court discretion to set a "homestead" apart from the decedent's estate.  (§ 6500 et seq.)  "The purpose is to protect the family unit against claims of creditors and rights of heirs and legatees.  [Citation.]" (*Estate of Murray* (1982) 133 Cal.App.3d 601, 603-604, fn. omitted (*Murray*) [applying a predecessor to § 6520].)  Section 6500 allows a decedent's spouse and minor children to remain in temporary possession of a family dwelling "until the inventory is filed[9] and for a period of 60 days thereafter, or for such other period as may be ordered by the court for good cause on petition therefor. . . ."  This statute allows the spouse and children to remain in the property without a court order for 60 days after the inventory is filed, or for longer with a court order, pending a final order setting apart a homestead.  (§ 6500; see

---

[8] Leslie did not designate the oral record from the November 2018 hearing, or any of the hearings at which the trial court considered Caroline's request for a probate homestead.

[9] Pursuant to section 8800, within four months after the probate court issues letters to a general personal representative of a decedent's estate, the personal representative must file an inventory of property to be administered in the decedent's estate.  (§ 8800, subds. (a), (b).)

5

Ross & Cohen, Cal. Practice Guide: Probate (The Rutter Group 2021) ¶ 7:10 (hereafter Ross & Cohen).)

When the inventory is filed, or at any time thereafter, the trial court "in its discretion may on petition therefor select and set apart one probate homestead . . . ." (§ 6520.) In selecting the probate homestead for the benefit of a surviving spouse, the court must give preference first to the community property of, or property owned in common by, the decedent and the surviving spouse, and then to the separate property of the decedent. (§ 6522, subd. (a).) The probate homestead cannot be selected out of property in which a third person has a vested right to possession. (§ 6522, subd. (b).) "The surviving spouse is entitled to a homestead in community property even if the decedent disposes of his half-interest in the property by will. [Citation.] [10]" (*Murray*, *supra*, 133 Cal.App.3d at p. 604.)

Generally, we review an order granting a request to set apart a probate homestead for abuse of discretion. (See *Estate of Liccardo* (1991) 232 Cal.App.3d 962, 965, fn. 2; *Estate of Moskowitz* (1966) 247 Cal.App.2d 499, 502.) Where appropriate, we consider issues of law based on undisputed facts de novo. (*Boling v. Public Employment Relations Board* (2018) 5 Cal.5th 898, 912.)

We do not presume error on appeal. Rather, we presume that the trial court's order is correct, such that the appellant has the burden to affirmatively show an error by presenting an adequate record to this court. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).) If the appellant fails to provide an adequate record necessary for meaningful review, " 'the appellant defaults and the decision of the trial court should be affirmed.' [Citation.]" (*Id.* at p. 609.) That a respondent may designate additional

---

[10] "Since the surviving spouse already owns an undivided one-half interest in the community property, the probate homestead is imposed only upon the decedent's undivided one-half interest. [Citation.]"

6

pleadings for inclusion in the clerk's transcript (Cal. Rules of Court, rule 8.122(a)(2))[11] does not alter the appellant's burden to provide sufficient record to demonstrate an error on the trial court's part. To overcome the presumption of correctness, the burden rests with Leslie to provide an adequate appellate record demonstrating error. " ' "A necessary corollary to this rule [is] that a record is inadequate . . . if the appellant predicates error only on the part of the record he [or she] provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed." [Citation.]' [Citation.] Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm. [Citations.]" (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644.) We will consider Leslie's failure to designate a complete record as appropriate in evaluating the errors she alleges on appeal.[12]

Leslie also failed to cite to the record in raising various of her arguments in her opening and reply briefs. The appellant is required in her brief to support each point by argument and, if possible, by citation of authority and to provide a citation to the record for factual assertions. (Rule 8.204(a)(1)(B) & (a)(1)(C).) "It is not the task of the reviewing court to search the record for evidence that supports the party's statement; it is for the party to cite the court to those references. Upon the party's failure to do so, the appellate court need not consider or may disregard the matter. [Citations.] The same is true with respect to appellant's legal arguments that are not supported by citation to legal

---

[11] Undesignated references to rules of court are to the California Rules of Court.

[12] Leslie designated one volume of clerk's transcript and chose to proceed without a record of the oral proceedings in the trial court. Leslie did not designate any of Caroline's pleadings in either the notice designating the record in the instant appeal, or the notice designating the record in appeal number H045037. According to the register of actions in appeal number H045037, Nationstar Mortgage LLC, named as a defendant in Leslie's complaint for partition, filed a separate designation of record, which likely explains how some of Caroline's pleadings were included in that record.

7

authority. [Citation.]" (*Regents*, *supra*, 122 Cal.App.4th at p. 827, fn. 1.) While we recognize Leslie is representing herself in this appeal, that does not excuse her from complying with the rules governing appellate proceedings. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*).) We will disregard factual contentions that are not supported by citations to the record, and legal arguments that are not supported by citations to legal authority. (*Ibid.*)

### B. *Leslie Timely Appealed the Order*

An order setting apart a probate homestead is appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(10), and Probate Code section 1303, subdivision (d). Caroline questions whether Leslie's appeal was untimely because she filed the notice of appeal more than 180 days after the entry of the order in the court's minutes on November 14, 2018, which Caroline believes was the latest date on which Leslie could appeal under rule 8.104(a)(1).[13]

Pursuant to rule 8.104(c)(2), where "the minute order directs that a written order be prepared, the entry date is the date the signed order is filed . . . ." Here, the court filed the signed order on December 1, 2019, and notice of entry of the order was served on February 21, 2020. However, Caroline contends that subdivision (c)(4) of rule 8.104 should apply here, which provides, "The entry date of a decree of distribution in a probate proceeding is the date it is entered at length in the judgment book or other permanent court record." She argues that the confirmation of a life estate in real property is part of a decree of distribution, such that this court should treat the order setting apart a probate homestead for the remainder of Caroline's life as a decree of distribution. None of the legal authority cited by Caroline compels us to interpret rule 8.104(c)(4) as

---

[13] Caroline raised the issue of appealability in a submission filed after briefing was completed in the appeal. We authorized Leslie to file a response to Caroline's letter brief. As the facts necessary to determine the timeliness of Leslie's appeal were present in the record on appeal, we did not consider the additional evidence Leslie submitted with her response.

applying to the subject order. In each of those cases, the decedent bequeathed the life estate to the recipient in his or her will, such that it was appropriate to include the life estate in the decree of distribution. (*Harvey v. Smith* (1957) 147 Cal.App.2d 646, 648; *Mitchell v. Bagot* (1941) 48 Cal.App.2d 281, 282.) Here, the order setting apart the probate homestead is separate from the distribution of Frank's assets under his will.

Because the order setting aside a probate homestead was not a decree of distribution, Leslie's time to appeal began to run once the court issued the written order on December 1, 2019. We thus conclude that Leslie timely filed her notice of appeal on March 9, 2020. (Rule 8.104(a)(1)(B).)

### C. *The trial court had jurisdiction to hear the request for a probate homestead.*

Leslie contends the trial court lacked jurisdiction to rule on Caroline's request for a lifetime probate homestead because appeal number H045037 was pending at the time it did so, such that a stay was in place pursuant to Code of Civil Procedure section 916. Pursuant to that statute, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." (Code Civ. Proc., § 916, subd. (a).) The notice of appeal Leslie filed in appeal number H045037 arguably only encompasses the May 31, 2017 order striking the complaint in the partition action with leave to amend. (See fn. 5, *ante*.) In her appellant's opening brief in this appeal, Leslie alleges appeal number H045037 also concerns the trial court's "repeated extensions of temporary homestead rights," allegedly in violation of Probate Code section 6500. We do not decide appeal number H045037 at this time and need not determine which orders this court may review in that appeal.[14]

---

[14] In her appellant's opening brief in this matter, Leslie contends that the trial court erred in granting repeated six-month extensions of homestead rights to Caroline. Leslie's

9

Assuming without deciding that appeal number H045437 does encompass trial court orders extending temporary rights to Caroline, those orders are not embraced in or affected by the December 1, 2019 final order on Caroline's petition for a probate homestead. Each of the prior orders afforded Caroline rights to the property for a limited, set period, such that each of the orders had expired by the time the probate court issued the December 1, 2019 order at issue in this appeal.

Moreover, the prior orders were akin to preliminary injunctive orders designed to maintain the status quo while the probate matter proceeded. "A . . . postorder proceeding is . . . ancillary or collateral to the appeal despite its potential effect on the appeal, if the proceeding could or would have occurred regardless of the outcome of the appeal. [Citation.] Thus, an appeal from the denial of a preliminary injunction does not stay further trial court proceedings on the merits. Because the injunction 'amounts to a mere preliminary or interlocutory order to keep the subject of litigation in status quo pending the determination of the action on its merits' [citation], the affirmance or reversal of its denial does not and cannot eliminate the need for additional proceedings on the merits. Section 916 therefore does not automatically stay such proceedings. [Citation.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 191.) The December 1, 2019 order did not enforce, vacate, or modify the interim orders allegedly being appealed in appeal number H045437, and did not interfere with this court's ability to conduct the appeal from those orders. (See *id*. at p. 189.) We thus conclude the trial court had jurisdiction to hear Caroline's request for a probate homestead.

---

briefs make it clear she appealed these temporary orders in other appeals, and we will not address the merits of those orders in the instant appeal.

10

***D. The trial court did not abuse its discretion in granting the requested probate homestead.***

*1. The trial court did not violate section 6523 in granting Caroline's request.*

Leslie contends the trial court "violated" section 6523 by "failing and refusing to consider" Leslie and her siblings' interests and "assign separate property of [Caroline] to them as the statute mandates." Section 6523 provides, "In selecting and setting apart the probate homestead, the court shall consider the needs of the surviving spouse . . ., the liens and encumbrances on the property, the claims of creditors, the needs of the heirs or devisees of the decedent, and the intent of the decedent with respect to the property in the estate and the estate plan of the decedent as expressed in inter vivos and testamentary transfers or by other means." (§ 6523, subd. (a).) The probate court is also required to "[s]elect as a probate homestead the most appropriate property available that is suitable for that use, including in addition to the dwelling itself such adjoining property as appears reasonable," and "[s]et the probate homestead so selected apart for such a term and upon such conditions (including, but not limited to, assignment by the homestead recipient of other property to the heirs or devisees of the property set apart as a homestead) as appear proper." (§ 6523, subd. (b).) "The property set apart as a probate homestead shall be set apart only for a limited period, to be designated in the order, and in no case beyond the lifetime of the surviving spouse . . . . Subject to the probate homestead right, the property of the decedent remains subject to administration including testate and intestate succession." (§ 6524.)

Without citing to the record, Leslie argues that the trial court committed an error of law by failing to consider these statutes in granting Caroline's petition for a probate homestead. Leslie has not demonstrated this alleged failure by the trial court. We presume that the trial court's order is correct. As part of that presumption, we presume that the trial court followed the law in the absence of evidence to the contrary. (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563; *Guillory v. Hill* (2019) 36

11

Cal.App.5th 802, 813.) Leslie elected to proceed without the record of oral proceedings in the trial court, limiting her ability to demonstrate any error that occurred at the hearing on Caroline's petition. (See *Jameson*, *supra*, 5 Cal.5th at pp. 608-609.) There is no record before this court of what the trial court did or did not consider at that hearing. Thus, we presume the court followed the law and considered everything that was required under section 6520 et seq. in granting Caroline's request to set apart Frank's interest in the community residence as a probate homestead for the remainder of her life.

The evidence before the trial court revealed that Caroline was an 87-year-old woman with health issues who had lived in the subject residence since purchasing it in 1984, and who lived on limited income and could not financially afford to acquire a replacement home if made to leave the property. By failing to cite to the record on appeal, Leslie has not demonstrated that there was additional, countervailing evidence presented to the trial court concerning the needs of her and her siblings, as Frank's heirs (§ 6523, subd. (a)), the appropriateness of setting apart the residence versus some other property (§ 6523, subd. (b)(1)), or the availability of other property Caroline could assign to Leslie and her siblings (§ 6523, subd. (b)(2)) that would expose an abuse of the trial court's discretion in granting Caroline's request for the remainder of her lifetime.

2. *The trial court did not act in violation of Frank's testamentary intent.*

Citing to section 21611 and other provisions of the Probate Code, Leslie argues that the probate homestead goes against Frank's expressed intent to disinherit Caroline. In doing so, Leslie mistakes the granting of a probate homestead in Caroline's favor with an order giving Caroline an ownership interest in Frank's share of the community property. The probate homestead does not conflict with the provisions of the Probate Code Leslie relies on, nor does it undermine Frank's expressed testamentary intent. Caroline is not receiving a share of Frank's estate in violation of section 21611, which precludes a spouse from receiving a share of the estate when the decedent intentionally failed to provide for the spouse. (§ 21611, subd. (a).) Leslie does not cite any legal

12

authority indicating that a property can be set aside as a probate homestead for a spouse only if the decedent did not intentionally disinherit that spouse. We disregard conclusory legal contentions. (*Tanguilig*, *supra*, 36 Cal.App.5th at p. 520.)

It is clear from the relevant statutes that the Legislature recognized that the probate homestead might affect the inheritance rights of others for a period as determined by the probate court. The court is required to consider "the needs of the heirs or devisees of the decedent, and the intent of the decedent with respect to the property in the estate and the estate plan of the decedent as expressed in inter vivos and testamentary transfers or by other means." (§ 6523, subd. (a).) As discussed, *ante*, Leslie has not demonstrated that the court failed to comply with section 6523 in granting Caroline's request for a probate homestead. Nor has she demonstrated that the court's order violated the provisions governing testate succession.

### 3. *The trial court did not violate other statutory provisions in granting the probate homestead.*

Leslie argues that the trial court violated various other provisions of the Probate Code and Civil Code in ordering that the community residence be set apart as a probate homestead for Caroline. While she cites to various statutes, she does not provide any legal authority addressing the interplay of the other statutory provisions of the Probate Code with section 6520 et seq. As already noted, the appellant bears the burden of demonstrating error on appeal. This court is not required to develop her arguments for her and can disregard legal and factual contentions that are not properly supported by legal authority and citations to the record. (*Tanguilig*, *supra*, 36 Cal.App.5th at p. 520; *Regents*, *supra*, 122 Cal.App.4th at p. 827, fn. 1.) Leslie cites no legal authority indicating that Frank's decision to will his interest in the community residence to Leslie and her siblings precluded the trial court from granting Caroline's petition to set apart Frank's interest as a probate homestead for her lifetime. Nor does she demonstrate that

13

the other statutes have precedence over, or otherwise abrogate, section 6520 et seq., or that the probate homestead provisions of the Probate Code are unconstitutional.

Leslie relies on *Squibb v. Squibb* (1961) 190 Cal.App.2d 766 (*Squibb*) for the proposition that a probate homestead cannot bar a partition action among co-owners of real property. In doing so, Leslie fails to recognize the distinction between a probate homestead under section 6520, and a declared homestead that is perfected during the decedent's life under Code of Civil Procedure section 704.910 et seq. A declared homestead is authorized as part of the statutes governing the enforcement of money judgments (Code Civ. Proc., § 695.010 et seq.), and is designed to protect against a forced sale by someone seeking to enforce a judgment. (See *Amin v. Khazindar* (2003) 112 Cal.App.4th 582, 588.) A declared homestead cannot be set apart as a probate homestead and does not have any effect on survivorship rights, such that the survivor does not take the decedent's interest in the property over a contrary testamentary disposition. (See Cal. Law Revision Com. Com., West's Ann. Prob. Code, § 6528.)

In contrast, where the decedent wills his property to a third party (aside from a surviving spouse or minor children) a probate homestead ordered under section 6250 et seq. may override the devise to a certain extent. (Ross & Cohen, *supra*, ¶ 7:28.) "The probate homestead can affect the possessory rights only of testate and intestate successors of the decedent." (Cal. Law Revision Com. Com., West's Ann. Prob. Code, § 6522.) Under section 6522, subdivision (b), the trial court cannot select the probate homestead out of property in which a right to possession is vested in a third person without that person's consent. The third person's right to possession must have existed or come into existence at the time of the decedent's death by means other than testate or intestate succession from the decedent. (§ 6522, subd. (b).)

In *Squibb*, a married couple acquired title to property in joint tenancy. The judgment dissolving their marriage did not dispose of the property. After dissolution, the wife and the parties' children continued to live on the property. (*Squibb*, *supra*, 190

14

Cal.App.2d at p. 767.) The wife thereafter recorded a declaration of homestead on the property pursuant to former Civil Code section 1238, a predecessor to Code of Civil Procedure section 704.910 et seq., which allowed a married person to select a declared homestead from property held by spouses as tenants in common. (*Id*. at p. 768; see Code Civ. Proc., § 704.910, subd. (d)(2); Stats. 1937, ch. 570 § 1, pp. 1611-1612.) The husband sued for partition and sale of the property. (*Squibb,* at p. 768.) The appellate court affirmed a judgment ordering the partition and sale, holding that "a statutory homestead interest does not deprive the cotenant of the right to have the common property partitioned and sold and that the homestead right of the cotenant in his interest in the common property is no bar to a suit for that purpose. [Citation.]" (*Id*. at p. 770.)

Unlike the homestead in *Squibb*, the homestead at issue here is not a declared homestead under the Code of Civil Procedure. It is a probate homestead under section 6520 et seq. Leslie does not cite any legal authority supporting her argument that the rule set forth in *Squibb* applies to a probate homestead, nor are we aware of any such authority. Caroline and Frank owned the subject property as community property prior to Frank's death. There is no indication or evidence that Leslie and her siblings had a right to possession of the property aside from any such right that came into existence at Frank's death by testate succession. Thus, under section 6522, subdivision (b), Leslie and her siblings are not "third persons" whose consent would be required for the probate court to select the property as a probate homestead.

### 4. *The trial court did not abuse its discretion by rejecting Leslie's contentions regarding Caroline's intent.*

Leslie alleges Caroline sought a probate homestead for the remainder of her lifetime in an effort to circumvent a trial court order denying Caroline's request to have 100% of the property declared as her own property. It appears Leslie contends the trial court abused its discretion in granting the probate homestead despite these allegations.

Leslie does not cite any legal authority in support of this argument. As such, we will disregard these contentions on appeal. (*Tanguilig*, *supra*, 36 Cal.App.5th at p. 520.)

### III.    DISPOSITION

The December 1, 2019 order is affirmed.

_____
Greenwood, P. J.

WE CONCUR:


_____
        Lie, J.


_____
        Wilson, J.


Sanchez v. Peralta
H048814